No. 13,273.

Lorenzini *v.* Rucker.
(35 P. [2d] 865)

Decided June 25, 1934. Rehearing denied July 23, 1934.

Mr. FRED W. MATTSON, Mr. A. B. MATTSON, Mr. W. W. GAUNT, for plaintiff in error.

Mr. JOEL E. STONE, Mr. J. PAUL HILL, Mr. B. F. REED, for defendant in error.

*In Department.*

MR. JUSTICE BUTLER, sitting for MR. CHIEF JUSTICE ADAMS, delivered the opinion of the court.

EUGENE Rucker obtained judgment in an action brought against A. S. Lorenzini for the death of the former's wife through alleged negligence on the part of the latter. Lorenzini seeks a reversal of the judgment.

On February 10, 1932, a motor truck driven by the defendant collided with an automobile driven by Mrs. Rucker. The Rucker automobile was overturned and Mrs. Rucker was killed. The collision occurred at the intersection of the Henderson-Broomfield road, which runs east and west, and the Globeville road, which runs north and south. Both roads are in Adams county.

There was introduced in evidence a map showing the intersection and the roads in the immediate vicinity thereof. On it are heavy black parallel lines, from 18 to 21 feet apart, according to the scale. Between the lines the map is colored brown. Outside of the part colored brown there are lines, marked "gutters," paralleling the heavy black lines and some 3 or 4 feet distant therefrom. Although in the record there is no explanation of the brown area, it is evident that it represents the roads proper; that is to say, that part of the two roads intended and used for vehicular traffic. For convenience, we shall refer to it as the traveled part of the roads.

Witnesses marked on the map the positions that the two vehicles were in at the time of the collision and after it. They made the marks to correspond with the tire marks of the two vehicles as they observed them on

the ground, and the statements made to them by the defendant. Taking the testimony most favorable to the plaintiff, as we are required to do in the present proceeding, it appears that the automobile driven by Mrs. Rucker was going east on the Henderson-Broomfield road; that the defendant's motor truck was going north on the Globeville road; that when the Rucker automobile was struck it had almost cleared the intersection of the traveled part of the roads, all of it, except the rear two or three feet, having passed beyond the eastern boundary line thereof; that the defendant's truck swerved to the east (right) and, when the front of the truck had barely entered the intersection, struck the automobile a severe blow, wrecking the rear fender and wheel, breaking off part of the step, and badly damaging the body of the automobile. The left front fender of the truck was damaged.

The collision occurred on a clear day, at about 3:30 o'clock in the afternoon. The roads were dry and in good condition. There was no obstruction to prevent the driver of either vehicle from seeing the other vehicle a considerable distance before it reached the intersection. The defendant testified that as he approached the intersection he was going 25 or 30 miles per hour; that when he was about 70 feet from the intersection he looked to the left and saw no car approaching from the west; that the first time he saw the Rucker automobile was "when it was right square in front of me, as I was *approaching* the intersection"; that at that time the front end of his truck was not over "four or five feet—three or four feet—" from the automobile.

The following provisions of the Uniform Motor Vehicle Act (S. L. 1931, c. 122) are applicable:

Section 1 (dd) defines right of way as "The privilege of the immediate use of the highway."

Section 87 (a): "The driver of a vehicle approaching an intersection shall yield the right of way to a vehicle which has entered the intersection."

Section 73 (a): "Any person driving a vehicle upon the highway shall drive the same at a careful and prudent speed not greater or less than is reasonable and proper, having due regard to the traffic, surface and width of the highway, the weather condition and the condition of the vehicle he is then operating, and of any other conditions then existing. No person shall drive any vehicle upon the highway at such speed as to endanger the life, limb or property of any person, nor at such speed as to prevent him from retaining complete control of said vehicle so as to be able to slow or stop the same in order to avoid a collision with any other vehicle then within range of his vision."

The evidence was sufficient to support the finding that the defendant was negligent, and that his negligence was the proximate cause of the collision and the resulting death of Mrs. Rucker.

Counsel for the defendant complain of the wording of an instruction on contributory negligence. As there was no evidence tending to show negligence on the part of Mrs. Rucker, the error, if any, was harmless. *Denver Consolidated Electric Co. v. Lawrence,* 31 Colo. 301, 73 Pac. 39.

The judgment is affirmed.

MR. JUSTICE BOUCK and MR. JUSTICE HOLLAND concur.