No. 14,088.

GRUNSFELD *v.* YETTER.
(69 P. [2d] 309)

Decided June 1, 1937. Rehearing denied June 21, 1937.

Mr. L. Ward Bannister, Mr. Mark H. Harrington, for plaintiff in error.

Mr. W. Felder Cook, for defendant in error.

*In Department.*

Mr. Justice Bakke delivered the opinion of the court.

This was an action in which the defendant in error, plaintiff below, recovered judgment against the plaintiff in error, defendant below, in the sum of $541.50 for personal injuries caused by defendant's alleged negligent operation of his motor vehicle. The parties will be referred to as they were in the trial court.

It appears that about 7:00 o'clock on the evening of July 12, 1935, while the plaintiff was driving his automobile in a southerly direction along the Greeley-Denver highway at a speed of approximately 35 to 40 miles per hour, he ran into the rear end of the defendant's automobile which was standing on the pavement, headed in the same direction.

There had been a heavy shower of rain earlier in the evening and the defendant, along with several other motorists, had stopped his car during the heaviest part of the rain. Because of the rain the points of the distributor on the defendant's car were wet so that after the shower was over his motor would not start, and he was sitting in his car trying to start the engine at the time of the impact.

The portion of the highway upon which the accident occurred was straight, the shoulders were well graveled

and the ditch alongside of them was not over two feet deep. The defendant urged as a reason for leaving his car on the pavement, that there was water at the side of the road following the rain and he did not want to let it slide into the ditch.

The plaintiff admits that he saw defendant's car about a block and a half away, but assumed that it was proceeding in the same direction as his own at the usual rate of speed, and states that he did not realize until a few "instants" before the crash that defendant's car was standing still.

There is dispute in the testimony as to whether or not defendant's car was wholly on the pavement but a disinterested witness testified that it was entirely on the pavement, and the lower court so found.

At the moment that the plaintiff realized the impending danger it was too late to get around the defendant's car to the left because of a car approaching from the opposite direction.

Defendant in his answer set up the defense of contributory negligence on the part of the plaintiff in neglecting to stop his car in time to avoid the accident and filed a counterclaim.

The cause was tried to the court, without a jury, which found the plaintiff was not guilty of contributory negligence.

Defendant in bringing the matter here for review assigns error on several points, but the only assignment we need seriously consider is whether under sections 73 (a), c. 122, S. L. 1931, p. 532, the plaintiff was conclusively guilty of negligence as a matter of law. This section reads as follows: "Any person driving a vehicle upon the highway shall drive the same at a careful and prudent speed not greater or less than is reasonable and proper, having due regard to the traffic, surface and width of the highway, the weather condition and the condition of the vehicle he is then operating, and of any other conditions then existing. No person shall drive any vehicle upon

the highway at such speed as to endanger the life, limb or property of any person, nor at such speed as to prevent him from retaining complete control of said vehicle so as to be able to slow or stop the same in order to avoid a collision with any other vehicle then within range of his vision.''

While this section has never been construed with particularity, it has been considered by the court sufficiently to indicate that we cannot give it the literal interpretation insisted upon by the defendant here.

It is true that in *Sprague v. Herbel,* 90 Colo. 134, 140, 6 P. (2d) 930, the court said: "If the rule contended for be wise and salutary, the creation thereof is for the legislature and not the courts,'' and presumably said section 73 (a) supra, was adopted by the legislature in response to the supposed wisdom of its provisions.

Even so, the courts retain the duty of giving it a reasonable interpretation. It cannot be maintained that failure to comply literally with all its provisions in all circumstances constitutes negligence per se, conclusively binding on everyone, and we have heretofore adopted this more reasonable attitude in its interpretation.

In the case of *Lorenzini v. Rucker,* 95 Colo. 246, 35 P. (2d) 865, we approved a finding of negligence to support recovery against the defendant, even though this same section, which Mr. Justice Butler quotes in his opinion, would have precluded recovery if a literal interpretation had been given to it, because as he said: "The collision occurred on a clear day, at about 3:30 o'clock in the afternoon. The roads were dry and in good condition. There was no obstruction to prevent the driver of either vehicle, from seeing the other vehicle a considerable distance before it reached the intersection.''

In the instant case the plaintiff had a right to assume, when he first saw defendant's car, that it was proceeding on the highway in front of him in the usual manner. When plaintiff realized that defendant's car was stopped on the pavement it was too late to avoid the acci-

dent. "A party suddenly realizing that he is in danger from the negligence of another is not to be charged with contributory negligence for every error of judgment when practically instantaneous action is required." *Stocker v. Newcomb,* 91 Colo. 479, 15 P. (2d) 975; *Hussman v. Southern Pac. Co.* (Cal.), 67 P. (2d) 137; *Nielson v. Watanabe* (Utah), 62 P. (2d) 117.

■ Having thus disposed of the question which would have precluded the trial court from trying the case on its merits, we simply add there was sufficient competent evidence on which to base the judgment, and, since the evidence on the proposition upon which defendant relies was conflicting, findings thereon will not be disturbed, because, as we have consistently and repeatedly held, every inference fairly deducible from the evidence is drawn in favor of the judgment. *Venetucci v. Colorado Springs,* 99 Colo. 389, 63 P. (2d) 462.

The judgment is accordingly affirmed.

MR. CHIEF JUSTICE BURKE and MR. JUSTICE HILLIARD concur.