## LEMKIE *v.* BOICE.

1. Automobiles—Left Side of Highway—Intersections.
    Under statute in effect in 1947, it was permissible for overtaking vehicle, approaching an intersection, to continue on left side of highway after it had reached a point 100 feet from intersection providing the change in course had been made more than 100 feet away from the intersection (CL 1948, § 256.315).

2. Same — Intersections — Overtaking Vehicles — Contributory Negligence—Question for Jury.
    Charge to jury which left question of contributory negligence of plaintiff motorist to jury was proper where accident occurred as he was attempting to overtake and pass defendant's truck within less than 100 feet of intersection they were approaching and. defendant, whose left window was in part covered with a cardboard, made a left turn after having observed only 1 car behind him which plaintiff had overtaken without returning to right side of pavement before signalling defendant driver of his intention to pass (CL 1948, §§ 256.314, 256.315).

3. Same—Overtaking Vehicles.
    Overtaking motorist who gives audible warning of his intention to pass overtaken car may pass on the left and where

———————

References for Points in Headnotes

[1-4] 5 Am Jur, Automobiles, § 282.
[1-4] Reciprocal duties of drivers of automobiles or other vehicles proceeding in the same direction. 24 ALR 507; 47 ALR 703; 62 ALR 970; 104 ALR 485.

first overtaken car is preceded by another car traveling in the same direction, the overtaking motorist would not necessarily be guilty of negligence as a matter of law in failing to return to right side of pavement before passing to left of foremost overtaken car (CL 1948, § 256.314).

4. SAME—INSTRUCTIONS—PROXIMATE CAUSE.

Instruction that if jury found defendant was guilty of negligence and plaintiff free from contributory negligence that their verdict should be for plaintiff was proper, where subject of proximate cause incident to the operation of the vehicles under the circumstances was adequately covered elsewhere and required that negligence of defendant driver must have been found to have been the proximate cause of the accident and that plaintiff was not guilty of contributory negligence proximately causing the accident before plaintiff could recover.

Appeal from Oakland; Doty (Frank L.), J. Submitted October 5, 1950. (Docket No. 47, Calendar No. 44,859.) Decided January 8, 1951.

Case by Adalbert Lemkie against John W. Boice and his employers for injuries sustained in an automobile accident. Verdict and judgment for plaintiff. Defendants appeal. Affirmed.

*Roscoe R. Martin* and *Cary & BeGole,* for plaintiff.

*Howlett & Hartman,* for defendant Boice.

*Alexander, Cholette, Buchanan, Perkins & Conklin,* for defendant Sheriff-Goslin Roofing Company.

SHARPE, J. This action arises out of an automobile highway collision. The cause was tried before a jury which returned a verdict for plaintiff.

At about 11 o'clock in the morning of April 8, 1947, plaintiff, Adalbert Lemkie, was driving a milk truck southerly on Livernois road on his way to make a delivery in Clawson, an unincorporated village. At

the same time, John Boice (or Boyce), in the employ of defendant Sheriff-Goslin Roofing Company, was on his way to a job on Cutting road, a dead-end street which intersects Livernois road from the east at a point about 300 feet south of the Square Lake road intersection.  It appears that defendant John Boice was traveling south on Livernois road followed by Frank G. Terry at a distance of approximately 125 feet and behind Terry was the plaintiff who turned to his left, passed the Terry car and kept on the left side of the highway to a distance of from 75 to 100 feet north of the Cutting road when defendant Boice made or attempted to make a left turn.  At this point, the milk truck driven by plaintiff and the car driven by defendant collided.

It is the claim of plaintiff that at a point from 200 to 300 feet north of Cutting road he turned his milk truck to the left side of the highway and at a point about 100 feet north of the Cutting road defendant Boice made a turn to go left, resulting in a collision of the cars.

It is the claim of defendant Boice that there was cardboard covering a portion of the window on the driver's side of his car; that 25 feet before he turned left he signalled his intention to do so by putting his hand and wrist through an opening in the window not covered by the cardboard; that he was then traveling 8 or 9 miles per hour; that he made an observation in his rearview mirror and saw no traffic approaching except the Terry car; that he then turned left opposite the Cutting road; and that when he was about a foot over the center line, the front wheel of his truck collided with the front right wheel of plaintiff's truck.

The cause came on for trial and at the close of plaintiff's proofs, defendants made the following motion for a directed verdict:

"Both defendants move at this time for a directed verdict of no cause of action for the reason that the proofs as produced by the plaintiff indicate that he was guilty of negligence—contributory negligence—in violating the statute having to do with passing at will within 100 feet of an intersection."

The trial court denied the motion and the defendants submitted their evidence. At the close of all proofs, defendants again moved for a directed verdict of no cause of action on the ground that plaintiff was guilty of negligence as a matter of law. This motion was denied and the case submitted to the jury under the Empson act.*

After deliberation the jury returned a verdict for plaintiff in the amount of $11,000, following which defendants made a motion for judgment *non obstante veredicto,* based upon their previous motions. This motion was denied and judgment entered upon the verdict. Subsequently, defendants made a motion for a new trial for the following reasons:

"1. Because the verdict of the jury therein is contrary to law.

"2. Because the verdict of the jury therein is contrary to the great weight of the evidence.

"3. Because the amount of the verdict of the jury is excessive.

"4. Because the Court failed to give the following instructions requested by the defendants:

" '8. It is also provided by law that the driver of any vehicle overtaking another vehicle proceeding in the same direction shall pass at a safe distance to the left thereof, and when safely clear of such overtaken vehicle shall take up a position as near the right-hand edge of the main-travelled portion of the highway as is practicable. Consequently, if you find that the plaintiff overtook and passed the car

---

* CL 1948, § 691.691 *et seq.* (Stat Ann § 27.1461 *et seq.*).—RE-PORTER.

of the witness Terry, without returning to the right side of the road before proceeding further to overtake and pass the truck of the defendant John Boyce, and that his failure so to do contributed in any degree to cause this accident, the plaintiff would be guilty of such negligence, as would bar his recovery and your verdict must be one of "no cause for action." (CL 1948, § 256.314 [Stat Ann 1947 Cum Supp § 9.1574]).'"

The trial court denied this motion and made the following observation:

"In conclusion, the court recalls that the defendant was operating his vehicle with a piece of cardboard completely obstructing his view in the driver's window on the left side, preventing a proper signal and hindering the defendant's view in making a left turn. The defendant's vehicle struck plaintiff's vehicle in the right side, tending to indicate this obstruction to his view was one of the causes if not the sole cause of the happening of this accident, and the court feels that this case was properly submitted to the jury under the testimony presented."

In appealing defendants urge that plaintiff was guilty of negligence as a matter of law in traveling on the left side of the highway approaching within 100 feet of an intersection while overtaking and passing another vehicle traveling in the same direction; and that the language in the statute "driven to the left side" means the same as driven *on* the left side and in such case plaintiff would be guilty of contributory negligence as a matter of law.

In discussing this issue we have in mind that there is a dispute as to whether the collision occurred at the intersection or some distance north of it, but all agree that the collision did not occur more than 100 feet beyond the intersection.

The controlling statutory provision in effect at the time was PA 1927, No 318, § 15, as amended by PA

1939, No 318 (CL 1948, § 256.315 [Stat Ann 1947 Cum Supp § 9.1575]), which provides in part:

"(b) No vehicle shall at any time be driven to the left side of the highway under the following conditions:

"1. When approaching the crest of a grade or upon a curve in the highway where the driver's view is obstructed within such distance as to create a hazard in the event another vehicle might approach from the opposite direction;

"2. When approaching within 100 feet of or traversing any intersection or railroad crossing;

"3. When the view is obstructed upon approaching within 100 feet of any bridge, viaduct or tunnel."

It is the claim of plaintiff that he was not guilty of negligence as a matter of law in driving to the left of the center of the highway more than 100 feet from the intersection in order to overtake and pass another car going in the same direction.

Defendants argue that because CL 1948, § 256.315 prohibits the passing of cars upon a grade or curve or approaching within 100 feet of an intersection or when the view is obstructed upon approaching a bridge, viaduct or tunnel, that the word "on" should be substituted for the word "to."

Upon this issue the court gave the following instruction to the jury:

"All the circumstances being considered, I am inclined to hold that and instruct you, if you find as a matter of fact that the plaintiff did not turn to his left side of the road within the 100-foot point, then as a matter of law he would not be negligent, if he gave the proper signal in passing defendant's car. Whether he gave the proper signal is a matter of fact for you to decide. If he did not, he would be guilty of negligence, and, if that negligence was the proximate cause of the injury in this case, of course the plaintiff cannot recover. I am leaving to you the

question of fact: Did the plaintiff in this case, in going down Livernois road under all the circumstances, with these other cars, the speed at which they were going, the condition of the highway—did he act as an ordinarily prudent person would have done under the same or similar circumstances? If he turned to his left within the 100 feet, of course he is guilty of negligence and cannot recover. If he turned to his left 150 feet back, or anything more than 100 feet, and gave the proper signal to pass the defendant, why, then, he is not guilty of negligence."

In an opinion the trial court stated:

"If the legislature meant to say in the amended act that you could not drive on the left side of the highway within 100 feet of or traversing any intersection, then the act certainly could and should have used the preposition 'on' instead of 'to.' Furthermore, it appears to the court to be a more reasonable construction of the statute to hold that a vehicle was prohibited from changing its course of travel and attempting to drive to the left side of the highway within 100 feet of an intersection but was not prohibited from continuing to pass a vehicle providing the change in course had been made more than 100 feet away from the intersection."

We are in accord with this view.

Defendants also urge that the trial court committed reversible error in failing to give instruction No. 8 hereinbefore quoted. The trial court instead of giving the requested instruction gave the following:

"Now, I charge you that the driver of a motor vehicle is required by law to drive on the right-hand side of the highway except while actually overtaking and passing another motor vehicle and, when a motorist violates the law of the road by driving on the wrong side, he assumes the risk of such experiment and is required to use greater care than if he kept on the right side. If the plaintiff drove on the left

side of the highway for a greater distance than was
reasonable and necessary in overtaking and attempt-
ing to pass the truck of the defendant, John Boice,
but, if you find his doing so contributed to the cause
of the accident, then the plaintiff would be guilty of
contributory negligence and cannot recover.

"I charge you, also, that the driver of any vehicle
overtaking another vehicle, proceeding in the same
direction, under the circumstances that existed in
this case, is required to give audible warning with
his horn before passing or attempting to pass, and,
if you find he failed to give such warning of his in-
tention to pass the defendant, John Boice, under
those circumstances he would be guilty of contribu-
tory negligence."

We do not think that CL 1948, § 256.314 (Stat
Ann 1947 Cum Supp § 9.1574), prevents the passing
of 2 vehicles while on the left side of the highway.
We think the above instruction of the court is ap-
plicable under the circumstances of this case.

Defendants urge that the court was in error in
giving the following charge to the jury: "If you find
the defendant guilty of negligence and the plaintiff
free from contributory negligence, then your verdict
is for the plaintiff" in that the above charge ignores
the further condition that such negligence must also
be the proximate cause of the accident in order to
entail liability. We note that the trial court also
gave the following instructions to the jury on the
subject of proximate cause:

"Now, what were the duties of the defendant? He
has testified that he was going to make a turn, go
down on Cutting road. Before he could make that
turn he would have to give some sort of a signal in
turning, indicating to any party back of him he
intended to turn. He must make observation to see
he could make that turn safely and give some sort
of signal or indicate to the party, or any other par-
ties on the road, he was going to turn to his left. If

he failed in any respect he is guilty of negligence, and, if such negligence is the proximate cause of the damage complained of, of course he is liable."

"Proximate cause enters into this case to a large extent. Was the negligence of the plaintiff, if any, the proximate or moving cause of this accident? Or, was the negligence of the defendant in turning to the left without giving a signal the proximate cause? Those are questions of fact for your consideration."

In our opinion the jury was given adequate instructions that if the defendant driver was negligent in his operation of the motor vehicle, such negligence must be the proximate cause of the accident before plaintiff could recover.

The court gave the following instruction to the jury on the question of contributory negligence:

"Now, this was an accident between 2 trucks, one a pickup truck and the other a milk truck. The plaintiff was driving the milk truck. Now, what were his duties when he was driving down Livernois road on this particular occasion, about 11 o'clock, on April 8, 1947? He must have truck under control so that he could stop it within a fair degree of celerity. He must not drive it so fast he would not have it under control and not faster than he could stop it within the assured clear distance ahead. Then, he must keep on the right side of the road unless he is passing someone else. * * * And, then, he must make observation both to his right and left and ahead of him in particular to see he can go down the road safely, to see that he can pass these cars safely. Also he must give a signal of his intention to pass. Going down Livernois road, passing the truck it is necessary for him to give some sort of signal, showing his intention to pass. Now, if the plaintiff failed in any of these duties and the failure of any of those duties was the proximate cause of the damage complained of, of course he cannot recover."

The charge of the court fully and fairly submitted the issues of fact to the jury. The judgment is affirmed, with costs to plaintiff.

REID, C. J., and BOYLES, NORTH, DETHMERS, BUTZEL, CARR, and BUSHNELL, JJ., concurred.