72 So.2d 375 (1954)
CLARK
v.
SUMNER.
Supreme Court of Florida. Special Division B.
May 7, 1954.
*376 Shackleford, Farrior, Shannon & Stallings, Tampa, for appellant.
Carver & Langston, Lakeland, for appellee.
DREW, Justice.
This case stems from a collision of two automobiles on State Road 39 about six miles north of Plant City, Florida. At the time of the accident the appellee here (hereafter called plaintiff) was driving her automobile on the left side of the center line of the highway and was in the act of passing the truck of appellant (hereafter called defendant), when it suddenly turned to the left for the purpose of entering a dirt road leading off the main highway.
At the close of plaintiff's case and again when all of the evidence of both parties was in, the defendant moved the court to direct a verdict in his favor on the grounds that plaintiff was precluded from recovery as a matter of law by reason of a portion of the provisions of Section 317.30 F.S. 1951, F.S.A., infra. These motions were overruled and the jury returned a verdict for the plaintiff. This appeal is taken from the final judgment entered following the verdict.
Section 317.30, supra, reads as follows:
"(1) No vehicle shall at any time be driven to the left side of the roadway under the following conditions:
"(a) When approaching the crest of a grade or upon a curve in the highway where the driver's view is obstructed within such distance as to create a hazard in the event another vehicle might approach from the opposite direction;
"(b) When approaching within one hundred feet of or traversing any intersection or railroad grade crossing;
"(c) When the view is obstructed upon approaching within one hundred feet of any bridge, viaduct, or tunnel.
"(d) The foregoing limitations shall not apply upon a one-way roadway."
The sole question argued on this appeal is whether, by reason of Sub-section 317.30 (1) (b), supra, the lower court erred in failing to direct a verdict in favor of the defendant below when the evidence showed without contradiction that plaintiff at the time of the accident was driving on the left side of the highway within 100 feet of an intersection. Solely for the purpose of disposing of this proposition (but concerning which more will be said later), we assume that the location of the accident was an intersection as contemplated by the statute.
To sustain the position of defendant it is essential, first, that the facts of the case show beyond dispute that the statute is applicable, and further that being applicable the statute precludes recovery by a plaintiff in violation thereof under the circumstances here presented. In support of his position defendant cites only Gosma v. Adams, 102 Fla. 305, 135 So. 806, 78 A.L.R. 1193.
The Adams case is not in point. That case involved the application of a city ordinance which provided, "`Any vehicle in overtaking another shall pass to the left, but such passage shall not be made at street intersections, except where traffic is controlled; that is, where there is a traffic officer stationed or where there is an automatic signal.'" Thus the ordinance under certain conditions prohibited a person from passing another vehicle at street intersections.
The statute involved in this case is not only worded differently but has a different effect. In substance the portions here relied upon provide, "No vehicle shall at any time be driven to the left side of the roadway * * * when approaching within one hundred feet of or traversing any intersection * * *." (Emphasis supplied.) Under this provision of the statute, a driver is prohibited from changing his line of travel and attempting to drive to the left side of the highway at any point within 100 feet of an intersection, but is not prohibited from continuing to pass a *377 vehicle within 100 feet of an intersection provided that the change in course was made more than 100 feet from the intersection. Lemkie v. Boice, 1951, 329 Mich. 278, 45 N.W.2d 288, 291.
In the Boice case the plaintiff was proceeding southerly on a highway, and when at a point 200-300 feet from an intersection turned his truck to the left side of the highway, passed one car, and kept on the left side of the highway to pass the car of defendant. The defendant attempted to make a left turn, resulting in a collision close to the intersection. A Michigan statute provided in part:
"`(b) No vehicle shall at any time be driven to the left side of the highway under the following conditions:
"`1. When approaching the crest of a grade or upon a curve in the highway where the driver's view is obstructed within such distance as to create a hazard in the event another vehicle might approach from the opposite direction;
"`2. When approaching within 100 feet of or traversing any intersection or railroad crossing;
"`3. When the view is obstructed upon approaching within 100 feet of any bridge, viaduct or tunnel.'"
The jury returned a verdict for plaintiff. On appeal from the adverse judgment, the defendant contended that the language in the statute "driven to the left side" means the same as driven on the left side of the highway and therefore the plaintiff was guilty of contributory negligence as a matter of law because at the time of the accident plaintiff was in violation of the statute in that he was driving on the left side of the highway within 100 feet of an intersection.
The Supreme Court of Michigan affirmed the judgment for the plaintiff. The Court said that it agreed with the view of the trial court that, "`If the Legislature meant to say in the amended act that you could not drive on the left side of the highway within 100 feet of or traversing any intersection, then the act certainly could and should have used the preposition "on" instead of "to". Furthermore, it appears to the Court to be a more reasonable construction of the statute to hold that a vehicle was prohibited from changing its course of travel and attempting to drive to the left side of the highway within 100 feet of an intersection but was not prohibited from continuing to pass a vehicle providing the change in course had been made more than 100 feet away from the intersection.'" (Emphasis supplied.)
The pertinent language of the Michigan statute is identical to the language of Section 317.30, supra, and we think the construction by the Michigan Court is sound.
In the instant case, plaintiff was on the left side of the highway at the time of the accident but in the record before us we find no evidence to show conclusively that she had made the turn to the left side of the highway while at a point within 100 feet of the place of impact where the defendant was attempting to make a left turn into a side road. For this reason there was no basis upon which the trial court could have held as a matter of law that the statute was applicable.
Moreover the statute in question, Sub-section 317.30(1) (b), supra, was never intended to authorize or sanction one driving along a highway turning across traffic into an intersection with another highway, without using reasonable care to see that those drivers following him have notice of his intentions. This is clearly apparent from an examination of other paragraphs of the same Chapter. For example, Section 317.37 provides for signals to be given "continuously during not less than the last one hundred feet traveled by the vehicle before turning." See also companion Sections 317.38 and 317.39 relating to the manner of giving signals to the following automobile. It is a matter of common knowledge that almost every automobile is equipped with rear view mirrors, stop lights and other devices to enable the *378 driver to see following vehicles and to enable following vehicles to have notice of the intention of the vehicle preceding. To uphold the contention of the defendant would be tantamount to releasing the driver of a car from any legal responsibility for the safety of those following him on the highways. Such is not the law. We reiterate and again approve the principle laid down in Allen v. Hooper, 126 Fla. 458, 171 So. 513, that the violation of a traffic law or regulation is prima facie evidence of negligence that may be overcome by other facts and circumstances in the cause in fixing ultimate liability.
There is another plain reason why it cannot be said as a matter of law that the statute in question was applicable to the instant case. The prohibition of the statute applies to turns to the left made within 100 feet of an intersection. Sub-section 317.01 (8) F.S. 1951, F.S.A., defines an intersection as:
"The area embraced within the prolongation or connection of the lateral curb lines; or, if none, then the lateral boundary lines of the roadways of two highways which join one another at, or approximately at, right angles; or the area within which vehicles traveling upon different highways joining at any other angle may come in conflict."
Sub-paragraph (22) of the same section defines a highway as:
"The entire width between the boundary of every way or place of whatever nature when any part thereof is open to the use of the public for purposes of vehicular traffic."
The record in this case wholly fails to show that the road into which the defendant was attempting to turn was a highway "open to the use of the public for purposes of vehicular traffic." In the record the road was referred to as a "clay road" or a "dirt road" which was unpaved and ungraded. It did not cross the main highway and there was no culvert at this point. To reach the road it was necessary to drive "off the road down the shoulder, up an incline into the field." While other highways leading into the main highway in this area were clearly marked by signs along the State Road 39, there were no markers for this side road in question which was somewhat obscured by grass and brush. One witness said that the road was not either a state or a county road "that I know of at that time" and further that, "It was a driveway * * * there was no care taken of the road at that time."
These facts are far from sufficient to support a finding that as a matter of law the road was a public highway within the statutory definition. See Osborne v. Lee, Fla. 1952, 57 So.2d 652.
We find no merit in the contentions of defendant.
Affirmed.
THOMAS, Acting C.J., HOBSON, J., and HOLT, Associate Justice, concur.