No. 18,437.

EUGENE BIRD *v.* JOHN A. RICHARDSON, ET AL.
(344 P. [2d] 957)

Decided September 21, 1959.    Rehearing denied October 26, 1959.

Messrs. HASTINGS & LEFFERDINK, for plaintiff in error.

Mr. LOWELL WHITE, Mr. WALTER A. STEELE, for defendants in error.

*En Banc.*

MR. JUSTICE SUTTON delivered the opinion of the Court.

THE parties appear in the same order in which they appeared in the trial court, and will be referred to as such or by name.

Plaintiff, Eugene Bird, and defendant, John A. Richardson, an agent of defendant, W. R. Grace and Co., were the drivers of two automobiles involved in an accident on Colorado Highway 86 at about 3:45 p.m. on October 13, 1955. Plaintiff brought suit to recover for personal injuries and property damage sustained in the collision, alleging that they were sustained as the proximate result of Richardson's negligence. Defendants' answer denied negligence and averred as an affirmative defense that the plaintiff's negligence or carelessness proximately caused or contributed to the happening of the accident. Plaintiff here seeks reversal of a verdict and judgment entered in favor of defendants.

The facts, as established by testimony adduced at the trial, indicate that Bird was driving in an easterly direction on Highway 86, a gravel surfaced road, about nine

or ten miles east of the town of Kiowa, Colorado. He was thoroughly familiar with the road, having driven it several times before, and was traveling about forty miles per hour. As he came over a slight rise in the road he observed another vehicle, driven by Richardson, coming toward him, about to enter a curve in the road which was ahead of him and to his left. The speed of Richardson's vehicle was the subject of conflicting testimony; the plaintiff estimated it at eighty miles per hour, and defendants' brief admits that " * * * plaintiff actually saw the other [defendants'] car approaching at a violent rate of speed." Defendant Richardson testified his speed at no time was over fifty miles per hour. As defendants' car entered the curve it swung to its left into the lane of traffic in which plaintiff was driving. Estimates of the approximate distance from plaintiff's car when this occurred vary from 500 to 900 feet. As Richardson continued on around the curve in the wrong lane of traffic, the front of his car was pulled in about two feet to the right, indicating that he was attempting to return to the right hand lane. At a point estimated by plaintiff to be 100 to 150 feet from the point of impact, Richardson's vehicle started skidding sideways in the road. Plaintiff then attempted to turn his car off into the drainage ditch to his right to avoid a collision. Before the rear of his car was completely off of the roadway, its left rear fender was struck by the left rear fender of defendants' car. The point of impact was well into plaintiff's lane of traffic.

The evidence further indicates that from the first time Richardson's car went into the wrong lane until the time plaintiff turned off of the road in an attempt to avoid a collision he continued driving in his own lane of traffic without reduction of speed. He testified that he assumed that the oncoming car would get back into its proper lane and only turned off the road into the ditch when it appeared the other car would not be successful in getting back into its own lane.

Plaintiff urges as grounds for reversal several errors alleged to have been committed by the trial court, only one of which we need consider for it is determinative of the issues presented. It is that the trial court erred in not directing a verdict in plaintiff's favor at the close of plaintiff's rebuttal evidence, in that the evidence showed that plaintiff was not guilty of negligence which contributed to his injuries and damages and that defendants were guilty of negligence which was the proximate cause of plaintiff's injuries and damages.

In substance the issue presented is whether the standard of care required of an ordinary and reasonably prudent person, under the circumstances here presented, is such as should require him to slacken his speed and to drive off of the roadway into a ditch to avert any possibility of an accident with a car approaching in the wrong lane of traffic, but which appears to be attempting to return to its own proper lane and could do so in time to avoid a collision.

We deem controlling here the fundamental rule of law set forth in *Lebsack v. Moore* (1918), 65 Colo. 315, 177 Pac. 137. In that case the plaintiff, while riding a motorcycle in his proper lane of traffic, came over the top of a hill and was faced with two automobiles driving side by side bearing down on him, the one driven by the defendant being driven in the wrong lane. Plaintiff made the instantaneous decision that the best way to avoid an accident was to attempt to pass between the two vehicles, a decision which turned out to be unfortunate. In discussing alleged contributory negligence on the part of the plaintiff, the court stated:

" * * * the court correctly instructed the jury as follows:

" 'A party suddenly realizing that he is in danger from the negligence of another is not to be charged with contributory negligence for every error in judgment when practically instantaneous action is required; * * *.' "

This same rule was applied in *Gruensfeld v. Yetter*

(1937), 100 Colo. 570, 69 P. (2d) 309, in which the plaintiff, while driving approximately 35 to 40 miles per hour down a straight highway, collided with defendants' car which had been parked on the highway after it had stalled there instead of being pushed off to the side of the road. It is to be noted that in *Gruensfeld* the defendants' vehicle was stationary and clearly visible to the plaintiff, while in the instant case defendants' vehicle was approaching at a "violent" rate of speed and then went out of control. At the high rate of speed of Richardson's car it is obvious that he would be upon plaintiff's vehicle almost instantly after the possible danger was observed after plaintiff drove over the rise. The record shows that plaintiff had from three to nine seconds to size up the situation and act as he deemed prudent from the first instant in seeing defendant Richardson approach.

It would indeed seem unwise and manifestly unjust to hold that a driver of an automobile who, while driving in a lawful manner, perceives another automobile approaching him in the wrong traffic lane, is negligent if he does not immediately leave the roadway and drive into the ditch to avoid an accident which might not occur if the driver of the other car returns to his proper lane of traffic. It is more logical and just to hold that the person driving lawfully has, under the facts here presented, the right to assume that the driver of the other vehicle will observe the law and return to his proper lane. Prior decisions of this court hold that one cannot be charged with negligence in failing to anticipate that the other driver may violate the laws governing the use of the highways. See *Artz v. Herrera* (1958), 137 Colo. 378, 325 P. (2d) 927; *Ankeny v. Talbot* (1952), 126 Colo. 313, 250 P. (2d) 1019, and *Prentiss v. Johnson* (1949), 119 Colo. 370, 203 P. (2d) 733. To this reasoning we add that he cannot be charged with negligence in failing to anticipate that the other driver will continue to violate the laws governing the use of the highways

when it appears that the violator is ceasing or may cease his unlawful acts in time to avoid danger to other persons, or if under the circumstances the unlawful act does not at first blush appear to a reasonable person to call for instantaneous defensive action.

Plaintiff's duty to protect himself arose here only upon observing that the other vehicle was out of control. This duty did not arise at the first instance of vision, but it did arise when it appeared that Richardson's vehicle would not return to its own lane. It then became the duty of the plaintiff to exercise that degree of care to avoid an accident required of a reasonable, prudent individual under the then existing circumstances. Faced with a car approaching him at an excessive rate of speed in his own lane of traffic, this plaintiff had to make an instantaneous decision. He could remain in his own lane of traffic, swerve to his left into the lane in which defendant should be driving, or drive off of the road into the ditch to his right. It is possible that the approaching vehicle, which then skidded and went out of control, could have gone off to either side or continued in plaintiff's lane and thus collided with him no matter which course plaintiff chose. The fact that the instantaneous choice did not in fact prove to be a safe alternative, or that had it been made a split second earlier the accident might have been avoided, is insufficient to compel submission of the question of contributory negligence to the jury.

In *Headley v. Denver, etc. Co.* (1916), 60 Colo. 500, 154 Pac. 731, the court said:

"As the standard of duty in such cases is dependent upon the particular facts and circumstances of each, the question whether contributory negligence has been proven in a given case, is usually one for the jury. Nevertheless such question, in a particular case, may become one of law and thus come within the province of the court, so that a particular verdict may and should be directed. Where the facts are such that reasonable men

of fair intelligence may draw different conclusions the question of contributory negligence must be submitted to the jury, for the finding is then of fact. But if it is clear that only one reasonable inference can be drawn from the facts, and the course which prudence dictates be definitely discerned, the finding thereon is of law, not of fact, and it devolves upon the court to settle the matter."

We are persuaded that the evidence contained in the record before us was insufficient to charge the jury upon the question of contributory negligence. It was, however, sufficient to establish that the negligence of defendant Richardson was the sole and proximate cause of the accident. The learned trial court was thus in error in refusing to direct a verdict for plaintiff at the close of plaintiff's rebuttal evidence.

The judgment is reversed and the cause remanded with directions to grant a new trial on the question of plaintiff's damages only.

MR. CHIEF JUSTICE KNAUSS and MR. JUSTICE DAY did not participate.