No. 22178.

SHAMIN SHEIKH *v.* LORRAINE C. BACH, ADMINISTRATRIX OF THE ESTATE OF EARL CHARLES BACH, AND LALIT KUMAR SRIVASTAVA.

(452 P.2d 762)

Decided April 7, 1969.     Opinion modified and as modified rehearing denied April 28, 1969.

VICTOR E. DEMOUTH, for plaintiff in error.

DUANE O. LITTELL, for defendant in error Lorraine C. Bach, Administratrix of the Estate of Earl Charles Bach.

JOSEPH N. LILLY, for defendant in error Lalit Kumar Srivastava.

*In Department.*

Opinion by MR. JUSTICE GROVES.

THIS was an action brought by the plaintiff for damages for personal injuries sustained in a vehicular collision. Prior to trial the defendant Bach died of causes unrelated to the accident and the administratrix of his estate was substituted in his place. At the trial the defendants of-

fered no testimony. The court granted a motion of dismissal in favor of the Bach estate, refused to direct a verdict against the defendant Srivastava, and the jury returned a verdict in favor of Srivastava.

The plaintiff, Srivastava and one Bhargava were in this country as students, being from Pakistan and India. They were on a vacation trip in Srivastava's automobile and were driving west on U.S. Highway 36 in Arapahoe County. The plaintiff was reclining in the back seat, apprently asleep. Srivastava was driving and Bhargava was in the front seat on the right side.

Dr. Bach was driving his car east on the highway. The cars approached each other on a straight stretch of road, each going down a fairly long slope and being visible to the driver of the other. They met in the swale at the bottom of the slopes. While going down the slope and when the cars were some distance apart, Srivastava drove to his left of the center line once or twice. His car returned to the westbound lane and at times its right wheels were two or three feet onto his right shoulder of the road. When the cars were rather close to each other Srivastava's vehicle skidded and revolved into the eastbound lane, its rear swinging around and colliding with the left front of Dr. Bach's car. The engine, located in the rear of Srivastava's Corvair, was detached by the collision and thrown north a distance of 60 feet.

The speed limit at this location was 70 miles per hour. When the cars were a considerable distance apart Srivastava was driving 60 to 70 miles per hour and Dr. Bach at about the same speed or possibly a little less. The highway had one lane of traffic each way, the two lanes being 28 feet wide; and, in addition, there was a paved shoulder 7 feet in width on each side. At the time of impact the right side of Dr. Bach's car was near the south edge of the eastbound lane.

The plaintiff's injuries were very severe, his spinal cord being severed with resulting permanent paralysis below the thoracic area.

At the close of the plaintiff's case, the court made the following statement in sustaining the motion of the administratrix of the Bach estate for dismissal as to the estate:

"* * * The Court is of the opinion that there is not sufficient evidence in the record upon which the jury could be allowed to speculate that the driver of the Bach car was negligent. He was on his own side of the road; he was taking evasive action; just prior to the actual impact the car in which the plaintiff was riding was way over on the opposite side of the road; all of this being adduced from witnesses on behalf of the plaintiff; and the Court finds that the driver of the Bach vehicle did everything a reasonably prudent man could be expected to do under the circumstances."

We find the facts as shown by the record sufficiently similar to those of *Bird v. Richardson*, 140 Colo. 310, 344 P.2d 957, to authorize and support the ruling of the trial court which granted the motion of dismissal in favor of the Bach estate.

Other assignments of error raised by the plaintiff with respect to both the Bach estate and Srivastava relate to the extent of cross-examination and admission and refusal of exhibits. We find these to be without merit.

The complaint alleged that the "collision was caused by the negligence, careless and wanton, wilful disregard of the rights of others by the defendants." The court treated the case against Srivastava as one under our guest statute C.R.S. 1963, 13-9-1. No error is assigned here to this treatment of the matter.

The question of the negligence of Srivastava and whether his conduct was in wanton and wilful disregard of the rights of others under the provisions of the guest statute were questions of fact to be determined by the jury, and there was no error in the refusal of the trial court to deny the motion for a directed verdict in favor of the plaintiff on the question of liability.

With respect to the case against Srivastava the

plaintiff contends that error was committed in submission of instructions defining proximate cause, the result of defects in a vehicle known to the guest, and the standard of care required of one confronted with an emergency. Each of these instructions was drawn in familiar and stock form and we find no prejudicial error in them.

Judgment affirmed.

MR. CHIEF JUSTICE MCWILLIAMS, MR. JUSTICE HODGES and MR. JUSTICE KELLEY concur.