130

## No. 22536.

THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF JEFFERSON AND STATE OF COLORADO AND RODNEY NELSON v. F. H. LINNEMAN, INC., A COLORADO CORPORATION.

(459 P.2d 277)

Decided October 6, 1969.

FREELAND and LINDORFF, CHARLES E. FREELAND, for plaintiffs in error.

HOFFMAN, GOLDSTEIN and ARMOUR, RICHARD C. LONN-QUIST, DEAN YOUNG, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE KELLEY.

THE parties are here in the reverse order of their appearance in the trial court.

The plaintiff, Linneman, Inc., recovered a judgment in the amount of $839.74 for damages to its truck, as a result of a collision found to have been caused by the negligent operation of the defendant county's truck by the defendant Nelson, a county employee.

The physical facts as disclosed by the record show that the collision occurred at the intersection of West 38th Avenue and Routt Street, Jefferson County. Both vehicles were traveling east on 38th Avenue. The plaintiff's truck, driven by its employee Aragon, while in the process of turning left onto Routt Street, was struck on the left side by the defendant's truck. As a matter of fact, the plaintiff's evidence indicated that the point of impact was on Routt Street. The driver of the defendant county's truck, defendant Nelson, admitted he was attempting to pass the plaintiff's vehicle when the collision occurred. The investigating highway patrolman testified that he made measurements at the accident scene and determined that the defendant's truck skidded some eighty to ninety feet before entering the intersection. The defendant Nelson testified, without contradiction, that he had moved into the left-hand lane preparatory to passing the plaintiff's truck some two hundred feet west of the intersection.

The defendants, as grounds for reversal, assert the court erred in finding (1) that the defendants were guilty of negligence as a matter of law, and (2) that the plaintiff was not guilty of contributory negligence as a matter of fact. We will consider the assignments of error in inverse order.

I.

This second assignment of error is nothing more

nor less than a challenge to the sufficiency of the evidence on the question of contributory negligence. The alleged contributory negligence was that Aragon failed to keep a proper lookout and failed to properly signal for a left-hand turn. The testimony of defendant's driver supported defendant's position, whereas the plaintiff's driver testified that his conduct conformed with the statutory requirements for making a left turn.

We religiously adhere to the rule that this court is bound by the trial court's findings of fact in the absence of a clear showing that the evidence is insufficient to sustain such findings of fact. Contrary to the defendant's contention, our review of the record reveals that there was sufficient evidence to sustain the court's finding that the plaintiff's driver maintained a proper lookout and properly signaled for a left-hand turn. The assignment of error is without merit.

## II.

The remaining issue involves the interpretation of a state statute, the violation of which was apparently the basis for the court's finding of negligence on the part of Nelson. This appears to be a case of first impression as to the interpretation of the language of the pertinent statute.

The applicable statute concerning the overtaking and passing of another vehicle traveling in the same direction is 1965 Perm. Supp., C.R.S. 1963, 13-5-41, which states: "(2) (a) Except upon one-way roadways, no vehicle shall at any time be driven to the left side of the roadway under the following conditions:

* * *

"(c) When approaching within one hundred feet of or traversing any intersection or railroad grade crossing."

There appears to be agreement as to the facts for, in their brief, counsel for the defendants, on this issue, state: "The court's finding that defendants were guilty of negligence was apparently based on the evidence that the defendant driver was in the act of passing the other

vehicle when within 100 feet of an intersection * * *."

Defendants assert that inasmuch as Nelson started to pass *more than one hundred feet before reaching the intersection* the maneuver was legal and, therefore, the trial court's finding of negligence is erroneous as a matter of law. There being no Colorado cases on the point, defendants refer us to two foreign decisions in support of their argument. *Lemkie v. Boice,* 329 Mich. 278, 45 N.W.2d 288, and *Clark v. Sumner,* 72 So.2d 375 (Fla.). The rationale is well stated in *Lemkie.*

In *Lemkie,* the Michigan Supreme Court was called upon to interpret statutory language similar to 1965 Perm. Supp., C.R.S. 1963, 13-5-41. It adopted this language from the trial court's opinion:

"If the Legislature meant to say in the amended act that you could not drive on the left side of the highway within 100 feet of or traversing any intersection, then the act certainly could and should have used the preposition 'on' instead of 'to'. Furthermore, it appears to the Court to be a more reasonable construction of the statute to hold that a vehicle was prohibited from changing its course of travel and attempting to drive to the left side of the highway within 100 feet of an intersection but was not prohibited from continuing to pass a vehicle providing the change in course had been made more than 100 feet away from the intersection."

This interpretation of the statute was followed by the Florida Supreme Court in the *Clark* case. However, our research on this point indicates that these are the only two jurisdictions which have adopted this interpretation.

The majority of those states which have considered the interpretation of similar statutes follow the rule in *Roach v. Lacho,* 402 S.W.2d 344. *Young v. Blue Line Storage Co.,* 242 Iowa 125, 44 N.W.2d 391; *Rayborn v. Freeman,* 209 So.2d 193; *Harbert v. Mathis,* 230 S.W.2d 380 (Tex. Civ. App.). Also see, *Rader v. Nicholls,* 140 Mont. 459, 373 P.2d 312; *American Products v. Villwock,* 7 Wash. 2d 246, 109 P.2d 570.

In *Roach*, the Supreme Court of Missouri, in construing statutory language similar to that found in our statute, said:

"* * * Is this language intended to prohibit all vehicles from driving in the left-hand lane when approaching the crest of a grade, or does it mean, as plaintiff contends, that the prohibition applies *only* if the vehicle crosses over from right to left as it approaches the crest of the grade? We think it means the former, not the latter. A car which has been on the left side of the road for some time and remains there as it approaches the crest of the hill is just as much a hazard to traffic approaching from the opposite direction as a vehicle which crosses over into the left-hand lane when approaching the crest of the hill. We find nothing in the language of the statute, or in the evident purpose of the statute, which would cause us to construe it to be applicable only to those vehicles crossing over from right to left as they approach the crest of the grade. The intention of the legislature, we think, was to prevent *all* cars from being in the left lane when approaching the crest of a grade, not just those which cross over when approaching the crest. Consequently, we are of the opinion that the preposition 'to' as used in paragraph 4 is synonymous with 'on' or 'upon.' Obviously, if the preposition 'to' is synonymous with 'on' or 'upon' with respect to this situation (approaching the crest of a grade), it has the same meaning when applied to the other specific situations set out in paragraph 4, including travel in the left lane within one hundred feet of an intersection."

 Rules of the road such as 1965 Perm. Supp., C.R.S. 1963, 13-5-41, are enacted by the legislature in an attempt to regulate vehicular traffic in the interest of the safety of those using the highways. We approach the task of choosing which precedent to follow in Colorado with this obvious purpose of the lawmakers in mind.

We are not so much concerned with the battle of the prepositions, which figured so prominently in both the

Michigan and Missouri decisions, as we are with the apparent object which the act was designed to accomplish. Common sense suggests that operators of motor vehicles often make left turns at intersections and that vehicles traveling in the same direction which attempt to pass the turning vehicle on its left may collide with it. This is true whether the passing vehicle is "driven to" or is "driven on" the left side of the highway; within one hundred, two hundred, or three hundred feet before reaching the point of impact — the intersection.

The reasoning of the Missouri court appeals to us as the more sound, although the approach to an *intersection* offers a less dramatic example of the need to look to *purpose* rather than *rhetoric* than does the approach to the *crest of a hill.*

The important language and that which must be emphasized in arriving at the legislative intent is that contained in subsection (c). It would appear that no vehicle shall at any time be driven to the left side of the roadway *"when approaching* within one hundred feet of or traversing any intersection * * *."* (Emphasis added.) As we interpret that language, a vehicle, which is on the left side of the roadway, no matter at what distance from an intersection it may have changed lanes, must, when it *approaches* to a point one hundred feet from the intersection, return to the right side of the highway. This is true whether the vehicle is in the left-hand lane for the purpose of passing or for no purpose at all. All other users of the roadway have a right to assume that within the one hundred foot zone cars *approaching* the intersection will observe this rule. *Bird v. Richardson,* 140 Colo. 310, 344 P.2d 957; *Ankeny v. Talbot,* 126 Colo. 313, 250 P.2d 1019. Hypothetically, a vehicle on the intersecting street, in the instant case Routt Street, making a right turn into the north lane of West 38th Avenue, would be confronted with a potential head-on collision with defendant's vehicle "approaching" from the west in the left-hand lane, within one hundred feet of the inter-

section. The statute in question was designed to prevent this.

Thus, we conclude that the key word is "approaching." Vehicles *approaching* an *intersection* must remain in or return to the right lane within the proscribed distance to remain free of negligence per se.

The trial court was justified in interpreting the statute in question so as to find, as a matter of law, that the defendant was negligent. *Ankeny v. Talbot, supra.*

The judgment is affirmed.

MR. CHIEF JUSTICE McWILLIAMS, MR. JUSTICE PRINGLE and MR. JUSTICE GROVES concur.