No. 18,628.

A. R. Parker v. Agnes W. Couch.

(358 P. [2d] 609)

Decided December 30, 1960.   Rehearing denied January 30, 1961.

Messrs. Gorsuch, Kirgis, Campbell, Walker and Grover, Mr. John L. Ferguson, for plaintiff in error.

Mr. W. David McLain, Mr. Edwin A. Williams, Mr. John W. O'Hagan, for defendant in error.

*In Department.*

Opinion by Mr. Chief Justice Sutton.

The parties appear in inverse order to their appearance in the trial court and will be referred to as they appeared below or by name.

On the evening of March 30, 1955, at about 9:00 P.M., Agnes Couch was riding as a passenger in the front seat of an automobile driven by her husband. They were proceeding west on U.S. Highway No. 6 toward Denver, when, at a point about 2.6 miles west of Keenesburg, Colorado, they encountered a severe dust storm. Visibility was materially curtailed, and Mr. Couch reduced his speed to about 20 miles per hour continuing to drive just to the right of the center line of the highway. He testified that he could see about 15 feet ahead. Proceed-

ing in this fashion, Couch collided with the rear end of a truck owned by defendant Parker and driven by one Ivan R. Cheney. The truck, headed in the same direction as the Couch vehicle, was stopped on the highway in the same lane being traveled by Couch and was immediately to the rear of another truck that had also stopped on the highway.

As a result of the collision Mrs. Couch received severe personal injuries.

The amended complaint alleged that defendant's truck was stopped on the highway without lights or flares to mark its position; and that such conduct constituted negligence which was the direct and proximate cause of plaintiff's injuries.

Defendant answered, admitting the collision as alleged, but denied any negligence, including the allegation that the truck was unlighted; and set up as affirmative defenses that the collision was the sole result of negligence of the plaintiff, that the plaintiff was contributorily negligent, and that the collision was the result of an unavoidable accident.

The cause was tried to a jury. At time of trial Leo D. Couch, the husband, testified as to the dust storm and reduced visibility, that in driving on Highway 6 he could see about fifteen feet ahead on the center line; that his attention was concentrated on the white center line; and that he ran into the rear of defendant's truck because it was unlighted, and he did not see it until "we were practically right on top of it."

Mrs. Couch corroborated this testimony and also testified as to the nature and extent of her injuries. Another of plaintiff's witnesses, who arrived at the scene of the collision at about the time it happened, testified as to the poor state of visibility. He said the headlights of defendant's truck were burning as he passed it just prior to the collision; that he saw no lights afterward.

Defendant's driver testified as to the limited visibility just prior to the collision; that he had checked the lights

on the truck before leaving Keenesburg and they were properly lighted and working. He further stated that after entering the dust cloud, and while driving west on Highway 6, he saw a truck stopped on the highway immediately in front of him; that he slowed to about five miles per hour and stopped within about five feet of the truck ahead; and that almost immediately after stopping and while setting the emergency brake, his truck was struck in the rear by the Couch car.

The driver of the ICX truck, behind which defendant's driver had stopped, testified that he stopped his truck on the highway because the dust storm was so intense he could not see; that when he stopped he saw the lights of defendant's truck immediately behind him, that within a minute or two after stopping he heard the sound of the Couch car colliding with defendant's truck immediately behind him and that after some minutes he went to the rear of defendant's truck and noted that the rear lights were burning.

Other witnesses testified as to the intensity of the dust storm and the limited visibility, estimating it from zero to a few feet.

The case was submitted to the jury, which found against Mr. Couch, but in favor of Mrs. Couch, and assessed her damages at $16,500. From the judgment entered on the verdict, the defendant brings error.

Defendant urges as ground for reversal:

1. That plaintiff failed to establish by a preponderance of the evidence that defendant was negligent.

2. That the court erred in giving Instruction No. 7, relating to violation of a statute as being negligence per se.

3. Refusing to give defendant's tendered Instruction No. 13 relating to unavoidable accident.

As to the first point, defendant's counsel argues that defendant was forced to stop on the highway because the way was blocked by another truck; that the shoulder was too narrow for defendant to pull his truck off the

highway, and that he did not have time to set out flares before the collision; that his acts under the circumstances were prudent and he was not shown to be negligent.

The evidence was in conflict in some respects. Plaintiff testified that the rear of defendant's truck was unlighted, while defendant's witnesses asserted the rear lights were burning; one witness said visibility was "zero," another that it was a "few feet"; Mr. Couch testified that it was "15 to 20 feet." The I C X driver said it was unsafe to drive at all, while the highway patrolman testified that the maximum safe driving speed was fifteen miles per hour and that the rear lights of the truck were burning when he inspected it upon arriving at the scene. The driver of defendant's truck said the collision occurred immediately upon his stopping, while the I C X driver, as heretofore stated, fixed the time at one to two minutes after he had stopped his own truck.

The question of whether defendant's driver was negligent in view of the conflict in the testimony as to the lighting of the truck was properly submitted to the jury.

We turn next to the second point urged for reversal.

Instruction No. 7 is lengthy and quotes several sections of C.R.S. '53, Ch. 13. The pertinent portion of the instruction mentioned by defendant is taken from C.R.S. '53, 13-4-72, which reads as follows:

*"Parking outside of business or residence.* —(1) Upon any highway outside of a business or residence district no person shall stop, park, or leave standing any vehicle whether attended or unattended, upon the paved or improved or main traveled part of the highway when it is practical to stop, park, or so leave such vehicle off such part of said highway, but in every event a clear and unobstructed width of at least twenty feet of such part of the highway opposite such standing vehicle shall be left for the free passage of other vehicles and a clear view of such stopped vehicle be available from a distance

of two hundred feet in each direction upon such high-way."

After quoting additional sections of the statute, the instruction concludes:

"You are further instructed that under the circumstances in this case, a violation of any of the above statutes would constitute negligence per se, that is, negligence in and of itself and as a matter of law.

"You are not at liberty to consider the violation of any statute as negligence unless you find and believe from a 'Preponderance of the evidence,' as elsewhere defined in these instructions, that the particular violation of the statute under the circumstances in evidence was the 'proximate cause' of the accident in this case."

The statute in question is, by its own terms, limited to situations where a motor vehicle is "parked" on a highway. It cannot always be extended to cover situations where, as here, a stop is necessitated because traffic in one's own lane has stopped, obstructing the flow of traffic. Thus, violation of this statute may not constitute negligence per se. See *Dillon v. Sterling Works* (1940), 106 Colo. 407, 106 P. (2d) 358. Such a question of negligence is one to be resolved by the jury under proper instructions.

Even where the plaintiff has made a prima facie case of negligence against the defendant in circumstances such as shown here, nevertheless, the defendant may overcome such prima facie showing by establishing that the accident was not caused by any negligence on his part. See *Eddy v. McAninch* (1959), 141 Colo. 223, 347 P. (2d) 499.

As to the third ground of error concerning refusal to give defendant's tendered Instruction on unavoidable accident, the rule is that parties are entitled to instructions based upon their theories of the case if there is any evidence to support them. In the instant case the defendant pled the defense of unavoidable accident and there was ample evidence of the poor visibility

and of his stopping because of his passage being blocked. A suitable instruction therefore was in order on this defense.

The judgment is reversed with directions to grant a new trial.

MR. JUSTICE KNAUSS and MR. JUSTICE FRANTZ concur.