No. 20,112.

HARRY P. DAIGLE *v.* DOROTHY ELLEN PRATHER.

(380 P. [2d] 670)

Decided April 15, 1963.

Mr. ROBERT E. MCLEAN, Mrs. MARJORIE WORLAND MC-LEAN, for plaintiff in error.

Messrs. WORMWOOD, O'DELL & WOLVINGTON, for defendant in error.

*En Banc.*

MR. JUSTICE MCWILLIAMS delivered the opinion of the Court.

IN his complaint Harry Daigle, plaintiff in the trial court, alleged that he suffered damages in the amount of $15,000 as the direct result of negligence on the part of the defendant, Dorothy Prather. In her answer Prather denied that she was in any wise negligent and affirmatively alleged that the automobile collision, out of which the litigation stems, resulted from the sudden failure of her brakes and was an unavoidable accident.

The evidence adduced upon trial disclosed that at about one o'clock P.M. on November 8, 1960, Daigle, who had been proceeding in a westerly direction on East 32nd Avenue approaching Monaco, in Denver, had stopped his motor vehicle for a traffic control signal light, which as of that moment was "red." While in this "stopped" position awaiting the change of the signal light to green, his car was struck in the rear by a vehicle then being driven by Prather. Prather was also traveling in a westerly direction on East 32nd Avenue near Monaco, and she testified that when she was "at least three or four car lengths" behind the Daigle vehicle she observed that the signal light was red and that his car was stopped therefor. She further stated her speed at the time "couldn't have been more than thirty miles an hour," and she later modified this by stating that she thought her speed "was around between twenty and thirty." While preparing to make what she declared was to be a "normal" stop, she stepped on the brake pedal which went "clear to the floor" and she thereafter crashed into the rear end of the Daigle vehicle because of this brake failure. In response to a series of

specific questions as to why she didn't use the emergency brake, or "cut to the right" or "cut to the left," Mrs. Prather in each instance said "it was too sudden."

A police officer testified that he arrived at the scene of the accident shortly after its occurrence and that Mrs. Prather informed him then and there that she had been "going west and was going to stop behind the car . . . [but] when I hit my brakes they were out." This officer testified that he personally checked the brakes on the Prather vehicle and that "they were completely out" and that the pedal "fell to the floor."

As a rebuttal witness Daigle called an automobile mechanic who testified that he examined the Prather vehicle shortly after the accident and that he found the master cylinder completely dry and that the "steel line on the right rear . . . was worn through by a tail pipe." He expressed the expert opinion that before these brakes went completely out there would be a "forewarning," i.e. "you're going to feel slack in the brake — it's going to feel rubbery and drop gradually."

Mrs. Prather testified, however, that she did not have any "forewarning" that her brakes were even defective, let alone that they were going "completely out." She was driving a 1956 Dodge, bearing a current brake and light certificate. She testified that the brakes had been relined about two months before the accident, which fact was corroborated by the aforementioned auto mechanic. She testified that she had been driving this car "all the time" and that she had never experienced any trouble with the brakes prior to the time of the accident. When the accident occurred Mrs. Prather was en route from the Denver airport to her family home in Littleton. Her husband, not she, had just driven the car from Littleton to the airport where he boarded an airplane for Durango and she was returning home alone. In the comparatively short distance from the airport to the scene of this accident Mrs. Prather testified she had no occasion to stop her vehicle, though she did "slow

down" once for traffic. This she was able to do, and she denied that she had any "advance notice" whatsoever that the brakes were going to fail when needed at the intersection of East 32nd Avenue and Monaco.

Trial was to a jury, which returned a verdict in favor of Mrs. Prather. Motion for judgment notwithstanding the verdict or, in the alternative, for a new trial was denied and by the present writ of error Daigle seeks reversal of the judgment entered pursuant to the jury's verdict.

The trial court instructed the jury on the doctrines of "unavoidable accident" and "sudden emergency," Daigle objecting thereto, and in the trial court he specified as ground therefor that there was "no evidence" to support the giving of either instruction. Here, in addition to assigning error to these two instructions, Daigle also strenuously argues that the trial court erred in refusing to direct a verdict in his favor on the issue of liability and contends that the court should have submitted to the jury the one issue of damages. We are convinced that these assignments of error are in each instance without merit and that the judgment should be affirmed.

In *Piper v. Mayer,* 145 Colo. 391, 360 P. (2d) 433, it is stated that the doctrine of unavoidable accident is possessed of only "limited usefulness," but in that very case we nevertheless specifically approved *Eddy v. McAninch,* 141 Colo. 223, 347 P. (2d) 499, where the doctrine was applied, with the following comment: *"Eddy v. McAninch . . .* on the other hand, was the type of a fact situation *where the doctrine is appropriate.* In that case there was an *unforeseeable brake failure."* (Emphasis supplied.)

In the instant case *all* of the evidence established a brake failure. Daigle offered evidence tending to show that the brake failure was "reasonably foreseeable." As noted, supra, however, Prather in her testimony

categorically denied any "forewarning" whatsoever. In such circumstances she is entitled to an instruction based on the supposition that her theory of the case is true and correct. Hence, in our view there was no error in instructing the jury as to "unavoidable accident," there being testimony to support such a finding.

Similarly, we conclude that there was evidence to justify the giving of an instruction that one suddenly confronted with an emergent situation which is "due to no negligence on his part" is not thereafter to be deemed guilty of negligence for a subsequent error of judgment when practically instantaneous action is required. No objection is raised as to the form of the instruction, the only objection being that the giving of the instruction was error. Prather testified that she had no advance notice of brake failure, that once she became aware of such failure she was unable to use the emergency brake or veer to the left or right because it all happened "too sudden." The instruction as given did no more than to advise the jury that a particular course of conduct in a particular type of situation does not constitute negligence. Under the circumstances shown the giving of this instruction did not constitute error.

For the same general reasons we also conclude that the trial court did not err in refusing to direct a verdict for Daigle on the issue of liability, and in subsequently declining to enter a judgment for him notwithstanding the verdict of the jury.

*Eddy v. McAninch,* supra, is most persuasive in the resolution of this particular contention. There the defendant ran a red light and struck a vehicle in which the plaintiff was a passenger, and as his excuse for running the red light the defendant pled unavoidable accident and offered evidence in support of a sudden and unforeseeable brake failure. The jury found for the defendant and the principal assignment of error was the alleged error of the trial court in declining to hold

the defendant guilty of negligence as a matter of law and in refusing to direct a verdict in favor of the plaintiff on the issue of liability. In connection therewith, it was said:

"Under the circumstances appearing from this record we think the question of whether the presumption of negligence arising from the failure of the defendant's brakes to operate in accordance with the provisions of the Motor Vehicle Law, had been overcome by evidence, and that the accident resulted from causes beyond the control of the defendant, was one of fact for the jury which by its verdict resolved the issue in favor of the defendant."

■ Finally, Daigle alternatively theorizes that brake failure, even assuming it to have been sudden and unforeseeable, was actually not the proximate cause of the collision, and he suggests that as a matter of law Prather was guilty of careless driving and following too closely and that this driving misconduct was the sole proximate cause of the ensuing accident. In other words, Daigle contends that because of Prather's lack of attention the accident would have occurred even had Prather's brakes been working perfectly, and he urges that we now so hold, *as a matter of law*.

The evidence before us does not permit such disposition of the controversy. Prather testified that she was about to make a "normal stop," not a "panic stop"; that at the time she was going between 20 and 30 miles per hour and that when she saw the Daigle car she was three to four car lengths away. The clear *import* of her testimony is she had ample time and space within which to stop her vehicle and that the only reason she did not safely stop without striking Daigle's car was the sudden and unforeseeable failure of her brakes. This line of testimony required submission of the entire matter to the trier of the facts.

The judgment is affirmed.

MR. JUSTICE PRINGLE concurs in the result.

MR. CHIEF JUSTICE FRANTZ and MR. JUSTICE DAY dissent.