No. 21362.

JAMES ROBERT CUDNEY *v.* JAMES G. MOORE.
(428 P.2d 81)

Decided May 29, 1967.

Fugate, Mitchem & Hoffman, for plaintiff in error.

Sheldon & Nordmark, Richard C. McLean, for defendant in error.

*In Department.*

Opinion by Mr. Justice Sutton.

This is an automobile accident case involving a rear-end collision which occurred in the City of Denver on August 1, 1962.

The record discloses that plaintiff in error, James Robert Cudney, was a guest passenger in a Volkswagen bus driven by Bruce Hertzler at the time of the accident and that defendant in error, James G. Moore, was the driver of a Ford passenger car that was following the bus. The Hertzler vehicle stopped at an intersection and was struck from the rear by the Moore car. Moore's defense to the action was that his brakes were in proper working order immediately prior to the accident, further that he had a sudden brake failure due to a mechanical defect which occurred in the brake valve of his vehicle and that he had had no prior warning thereof.

The case was tried to a jury which found for the defendant.

Cudney urges several grounds of error for reversal all of which we have examined and only two of which we shall discuss herein. The other purported errors re-

lated almost entirely to such matters as were well within the discretion of the trial court or concerned disputed evidence. In our view, under the facts of this case, none of those points would warrant a reversal.

The alleged errors which we will consider concern two instructions given by the court, *i.e.*, Instructions Numbers 11 and 12. First there is an objection to the court giving Instruction Number 11 which relates to a sudden emergency, and second there is an objection to the court giving any instruction on unavoidable accident.

I.

■ As to whether the instruction on sudden emergency was properly given, we find that, under the facts presented, it was. This instruction reads as follows:

"A party suddenly confronted with an emergency due to no negligence on his part is not guilty of negligence for an error of judgment when practically instantaneous action is required."

In *Daigle v. Prather*, 152 Colo. 115, 380 P.2d 670 (1963) we held the giving of an identical instruction to be proper on facts strikingly similar to the ones now before us. There, as here, the defendant experienced a brake failure. There the defendant testified that it happened "too sudden" to veer to the side or to use her emergency brake. Here the defendant testified that he could not reach his emergency brake because "everything went so fast" and that he did not have enough room to complete his swerve to the right. In *Daigle* it was held that it was proper to give this instruction since it advised the jury that the selection of a particular course of conduct was not negligence in such an unforeseeable situation. Language supporting the giving of a similar instruction appears in *Bird v. Richardson*, 140 Colo. 310, 344 P.2d 957 (1959) and *Grunsfeld v. Yetter*, 100 Colo. 570, 69 P.2d 309 (1937) as well as in other Colorado cases which preceded them, such as *Stocker v. Newcomb*, 91 Colo. 479, 15 P.2d 975 (1932); *Arps v. Denver*, 82 Colo. 189,

257 P. 1094 (1927); *Larson v. Long*, 74 Colo. 152, 219 P. 1066 (1923); *Lebsack v. Moore*, 65 Colo. 315, 177 P. 137 (1918).

Cudney urges further, however, that in the instant case this instruction should not have been given because Moore's evidence shows that he did not have time or the opportunity to make a choice between alternative courses of action in an attempt to avoid a collision. Suffice it to say that the answer to such a proposition is that this was a jury question which obviously was found against the plaintiff. *Arps, supra.*

■ Though the plaintiff in error also objects to the form of Instruction Number 11, we note that no such objection was made when it was tendered and before it was given. It is too late to raise that issue for the first time in a motion for a new trial or on writ of error.

II.

■■ As to Instruction Number 12 on unavoidable accident, again no error occurred. True it is that in *Lewis v. Buckskin Joe's, Inc.*, 156 Colo. 46, 62, 396 P.2d 933 (1964) it was held, on a reversal on other grounds, that such an instruction should not be given. That holding, however, has prospective effect only as clearly set forth therein. Here the accident occurred in 1962 and trial was had in January 1964 prior to *Lewis*. Before *Lewis* was announced this court had often expressly approved the giving of such an instruction. That was the law correctly applied here by the trial court. See, *e.g.*, *Parker v. Couch*, 145 Colo. 209, 358 P.2d 609 (1960); *Union Pacific R.R. Co. v. Shupe*, 131 Colo. 271, 280 P.2d 1115 (1955); *Iacino v. Brown*, 121 Colo. 450, 217 P.2d 266 (1950). Although it is also urged that the form of this instruction is defective, we fail, however, to perceive any defects in the wording used. It should be noted in this connection that Instruction Number 12 is identical in form to the one given and approved in both *Daigle* and *Iacino, supra.*

### III.

██ An additional complaint is directed against the giving of both Instructions Numbers 11 and 12 in the same trial. We also find no merit to this contention. The two theories are not incompatible, for it is conceivable that the jury's finding, from the facts presented, was based either on the proposition that there was time in which to make a choice between alternative actions, once the emergency was discovered, or that there was no time — *i.e.*, that nothing could be done — and that the accident thus was unavoidable. In cases prior to *Lewis, supra,* the giving of both instructions in the same action has been approved. They apply here. See, *e.g., Daigle, supra* and *Ridley v. Young,* 127 Colo. 46, 253 P.2d 433 (1953). Since *Lewis* the rule, of course, is otherwise.

The judgment is affirmed.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE DAY and JUDGE STANLEY JOHNSON* concur.

---

*Retired District Judge sitting under assignment by the Chief Justice under provisions of Article VI, Section 5(3) of the constitution of Colorado.