No. 22093.

C. B. BARTLETT AND LUCILLE BARTLETT *v*. WALLACE R. BRYANT.
(442 P.2d 425)

Decided June 17, 1968.    Rehearing denied July 15, 1968.

114

GEORGE A. HINSHAW, for plaintiffs in error.

BERNARD V. BERARDINI, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE GROVES.

THIS action involves a motor vehicle accident which occurred in the City and County of Denver on July 28, 1964, wherein plaintiffs in error were plaintiffs and defendant in error was defendant. The plaintiffs alleged that the defendant negligently drove his pickup with camper into the rear of an automobile driven by the plaintiff Mrs. Bartlett, thereby causing personal injuries and property damage. The trial court entered judgment on the jury verdict which was in favor of the defendant.

At and prior to the time of the accident, it had been raining in the area and the streets were wet. Mrs. Bartlett halted her vehicle at the rear of a line of cars stopped for a traffic signal. Defendant approached from the rear at an estimated speed approximating thirty miles per hour. Well in advance he observed the red signal and the line of stopped vehicles. When at a distance of about forty or fifty feet behind Mrs. Bartlett's car he slowed his pickup by shifting to a lower gear. He attempted to apply his brakes twenty feet from the Bartlett vehicle, but the brakes failed to check the speed of the pickup sufficiently. He swerved in an attempt to avoid collision, but the pickup struck the rear of the stationary Bartlett automobile. There was conflicting testimony as to whether defendant's vehicle left skid marks on the pavement immediately prior to the collision.

The defendant testified that the collision was caused by the unexpected failure of his pickup's brakes and that he had no prior indication of any defect or malfunction in the braking system. Raymond Albrandt, an automobile shop foreman, testified as an expert witness that water within the brake drum acts as a lubricant on the brake lining, such that the affected vehicle could lose all braking power. Albrandt further stated that water might enter the drum if the vehicle were driven through deep water, or if a single splash happened to strike the inside of the vehicle's brake drum. There

would be no advance warning to the driver of a loss in braking capacity.

As the plaintiffs contend, a prima facie case of negligence had been made out when it was established that the defendant struck the rear of the Bartletts' stationary vehicle, without any fault on Mrs. Bartlett's part. Bryant thereupon had the burden of showing that the collision was not caused by his negligence. *Eddy v. McAninch*, 141 Colo. 223, 347 P.2d 499; *Iacino v. Brown*, 121 Colo. 450, 217 P.2d 266. The plaintiffs insist that defendant failed as a matter of law to establish freedom from negligence and that, therefore, the trial court erred in submitting the issue of liability to the jury.

The evidence referred to above tended to show that the collision was caused by the unexpected failure of defendant's brakes, which in turn derived from the presence of rain water within the vehicle's brake drum. Also as mentioned, defendant testified that he had no notice of diminished braking power prior to the accident. The jury could determine that the accident resulted from a sudden brake failure beyond defendant's control. If so, defendant cannot be held responsible for injuries resulting from brake failure. *Cudney v. Moore*, 163 Colo. 30, 428 P.2d 81; *Daigle v. Prather*, 152 Colo. 115, 380 P.2d 670.

While the plaintiffs argue otherwise, it cannot be held that defendant's admitted failure to apply or otherwise test his brakes for a distance of one mile preceding the collision, or that his failure to use the emergency brake upon discovering the sudden peril, constitutes negligence as a matter of law. Whether these failures to act, considered in the light of all the circumstances, departed from a reasonably prudent standard of conduct was a question for submission to the jury. *Cudney v. Moore, supra*; *Daigle v. Prather, supra*.

*Sothoron v. West*, 180 Md. 539, 26 A.2d 16, and *Sams v. Adams Transfer & Storage Co.*, 234 S.W.2d 593 (Mo. Sup. Ct.), cited by the plaintiffs, are factually dis-

tinguishable. *Sothoron* involved the use of a borrowed vehicle which had an obvious braking defect. In *Sams* the defendant failed to offer any explanation whatsoever for the brake failure, and therefore was guilty of negligence as a matter of law. Here, defendant's evidence was sufficient to dispel the presumption of negligence by showing affirmatively that the brake failure arose from factors outside his control. See *Eddy v. McAninch, supra.*

 Plaintiffs finally contend that as a matter of law defendant's sudden brake failure was not the proximate cause of the collision. The position rests upon defendant's admissions, first, that he did not attempt to brake until he was twenty feet from Bartletts' vehicle; and, secondly, that his speed prior to shifting into a lower gear was approximately thirty miles per hour. Plaintiffs urge that, even with operative brakes, defendant could not possibly have avoided the collision within these limits of speed and distance, citing 9C Blashfield's Cyclopedia of Automobile Law and Practice § 6237 (perm. ed.). In this connection, see also Am. Jur. 2d, Desk Book, Documents No. 174 and 176. The point is a close one. Certainly, if the speed were much greater or the distance much shorter, we would be obliged to find defendant negligent as a matter of law. Here, however, considering that the jury found no negligence under appropriate instructions, and under the authority of *Daigle v. Prather, supra,* we have concluded to leave the matter as we found it.

The judgment is affirmed.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE McWILLIAMS and MR. JUSTICE KELLEY concur.