Glen V. KOCH, Plaintiff–Appellant,
Cross–Appellee,

v.

Theodore SADLER and Alan D. Hilgenberg, Defendants–Appellees,
Cross–Appellants.

No. 85CA0039.

Colorado Court of Appeals,
Div. III.

March 24, 1988.

As Modified on Denial of Rehearing
April 21, 1988.

Certiorari Denied Aug. 22, 1988.

---

* Sitting by assignment of the Chief Justice under provisions of the *Colo. Const.,* art. VI, Sec. 5(3), and § 24–51–607(5), C.R.S. (1982 Repl. Vol. 10).

Berenbaum & Weinshienk, Peter R. Bornstein, Denver, for plaintiff-appellant, cross-appellee.

Johnson, Mahoney & Scott, P.C., Collie E. Norman, Denver, for defendants-appellees, cross-appellants.

STERNBERG, Judge.

Glen V. Koch, the plaintiff in this medical malpractice and battery action, appeals a judgment entered on a jury verdict in favor of the defendants, Thomas Sadler and Alan D. Hilgenberg. We reverse and remand for a new trial.

The plaintiff, a psychiatrist, alleged that, while hospitalized, he consented to exploratory surgery concerning a possible osteomyelitic condition of the tenth right rib, but that the surgery resulted in removal of that rib and that the rib was not diseased. He filed suit *pro se*, but did not serve defendants for nearly three years.

The complaint contained two claims for relief: one based on negligence, and one denominated as a battery claim. The surgeon, Sadler, and his associate Hilgenberg,

moved for summary judgment asserting that the one-year statute of limitations for assault and battery applied to the battery claim, that the case should be dismissed because of the delay of service and process, and that the case should be dismissed because of the lack of expert witnesses to establish the standard of care. The trial court granted the part of the motion relating to the one-year statute of limitations and dismissed the battery claim, but denied the balance of the motion. The case was tried to a jury only on the theory of lack of implied consent. Judgment was entered on a verdict for defendants.

**█** Plaintiff's principal contention of error on appeal is that the trial court erred in dismissing his battery claim as being untimely. He argues that his allegation of battery by a physician (failure to obtain consent for the operation actually performed) should be governed by the two-year medical malpractice statute of limitations, rather than by § 13–80–102, C.R.S., the one-year general tort statute of limitations, applied by the trial court. *Cf.* § 13–80–102(1)(c), C.R.S. (1987 Repl. Vol. 6A) and § 13–80–103(1)(a), C.R.S. (1987 Repl. Vol. 6A). We agree.

At the times pertinent here, medical actions of all types were governed by Colo. Sess. Laws 1977, ch. 198 § 13–80–105 at 816. This specific statute covers actions which could also be categorized, if committed outside of the patient-physician relationship, as assault and battery. *See Maercklein v. Smith*, 129 Colo. 72, 266 P.2d 1095 (1954). We hold that it was the intent of the General Assembly in passing that statute to control all actions brought by a patient arising out of the patient-phycisian relationship. *See Mastro v. Brodie*, 682 P.2d 1162 (Colo.1984); *Austin v. Litvak*, 682 P.2d 41 (Colo.1984). Thus, the trial court erred in applying the one-year statute governing assault and battery.

**█** The defendants urge that because plaintiff did not respond in writing to the motion for summary judgment and because he did not argue against that portion of the motion in which they contended the one-year statute of limitations barred the bat-

tery claim, he should be foreclosed from raising this issue on appeal. We do not agree.

■ The provisions of C.R.C.P. 121 concerning confession of a motion by failing to respond thereto are inapplicable to a motion for summary judgment. *See Seal v. Hart,* 755 P.2d 462 (Colo.App.1988). Further, the test on granting a motion for summary judgment is whether the movant has established that no genuine issue of material fact existed, and that movant is entitled to judgment as a matter of law. Although it may be risky for a party not to respond to such a motion, the absence of a response does not affect the movant's burden in this regard. *See Ginter v. Palmer & Co.,* 196 Colo. 203, 585 P.2d 583 (1978).

■ Nor do we find merit in the defendants' contention that the instructions to the jury regarding the informed consent issue made harmless the dismissal of the battery action. As the plaintiff points out, he was forced to try this lawsuit on the theory of lack of informed consent, which did not really fit the facts of the case, rather than on the failure to obtain consent for the operation actually performed, and instructions that he tendered on the latter theory were refused by the court.

■ Because the issues may arise on retrial, we address three other assertions of error. The first of these is that the trial court erred in instructing the jury as to the reliance that one physician can place on the diagnosis of another. The instruction given contained language making it applicable "when one physician employs another...." Here, there was no evidence that the defendants had been employed by the referring physician, or had even been recommended by that physician by name. Thus, the instruction should be tailored to fit the evidence on retrial. Similarly, the trial court erred in preventing the plaintiff from testifying verbally about his out of pocket costs and damages. Finally, the court erred in admitting the entire hospital record without culling that record for inadmissible or technically confusing contents where there was no testimony relating to and explaining such items.

■ On cross-appeal, defendants assert that because there was a three-year delay in service after the suit was filed, the court erred in not granting their motion to dismiss for failure to prosecute diligently. This contention has been decided adversely to the defendants in *Nelson v. Blacker,* 701 P.2d 135 (Colo.App.1985).

The judgment is reversed and the cause is remanded for a new trial.

VAN CISE and JONES, JJ., concur.