**AMCO INSURANCE COMPANY,
as subrogee of April Romero and
Eric Dean, Plaintiff–Appellant,**

v.

**Rebecca J. ROCKWELL,
Defendant–Appellee.**

**No. 96CA0550.**

Colorado Court of Appeals,
Div. I.

April 10, 1997.

Rehearing Denied June 12, 1997.

Roger Moore, Denver, for Plaintiff–Appellant.

Lou Walker, Denver, for Defendant–Appellee.

Opinion by Judge METZGER.

Plaintiff, Amco Insurance Company, appeals the summary judgment entered in favor of defendant, Rebecca J. Rockwell. The sole issue presented in this appeal is whether the trial court erred in not applying the rationale of *Jones v. Cox*, 828 P.2d 218 (Colo. 1992) to this case involving an uninsured motorist. We reverse and remand for further proceedings.

The critical facts are not in dispute. On March 27, 1993, defendant was driving an uninsured vehicle that collided with a vehicle owned by April Romero. The Romero vehicle was driven by Eric Dean and was insured by plaintiff. As a result of the collision, Dean was injured and the Romero vehicle sustained damage.

More than 28 months later, on July 14, 1995, plaintiff filed the complaint in this case alleging that defendant's negligence caused the collision and that, as a proximate result of such negligence, plaintiff had paid $10,673.75, pursuant to its insurance coverage, for the Romero vehicle. Plaintiff sought total damages of $13,187.65 plus interest.

Defendant moved for summary judgment, asserting that plaintiff's claim was covered by § 13–80–102(1)(a), C.R.S. (1996 Cum. Supp.) the general two-year limitations period for tort actions and that plaintiff's failure to commence the action within that period warranted dismissal. Plaintiff's response argued that its claim fell under § 13–80–101(1)(j), C.R.S. (1987 Repl.Vol. 6A) which provides a three-year limitations period for claims brought under the Colorado Auto Accident Reparations Act, § 10–4–701, et seq., C.R.S. (1994 Repl.Vol. 4A) (No–Fault Act).

The trial court determined that the two-year provision applied to plaintiff's claim and granted defendant's summary judgment motion.

Plaintiff contends that the trial court erred in applying the general two-year limitations provision instead of the three-year limitations provision to this case. We agree.

■ Because statutes of limitation are in derogation of a presumptively valid claim, a longer period of limitations should prevail if two statutes are arguably applicable. *Regional Transportation District v. Voss,* 890 P.2d 663 (Colo.1995).

In *Jones v. Cox, supra,* an insured plaintiff who had satisfied the threshold requirements of the No–Fault Act brought an action against the insured driver of the other vehicle. The court concluded that, because the plaintiff's claim was so intertwined with the No–Fault Act, it fell "under" the Act for purposes of § 13–80–101(1)(j). The court also noted that notions of fairness dictated that plaintiff "should enjoy the benefit of the longer statute of limitations that is provided for claims under the Act." *Jones v. Cox, supra,* at 223.

Cases decided after *Jones v. Cox* have construed its holding broadly. *See Regional Transportation District v. Voss, supra,* (personal injury claims arising out of automobile accidents between private parties are subject to the provisions of the NoFault Act); *Reider v. Dawson,* 856 P.2d 31 (Colo.App.1992), *aff'd,* 872 P.2d 212 (Colo.1994) (*Jones* held that the General Assembly intended that personal injury negligence actions brought by an insured against the operator of other vehicle constitute actions "under" the No–Fault Act for purposes of three year limitations period); *Boyer v. Ito Packing Co.,* 837 P.2d 773 (Colo.App.1992) (actions "brought against the owner, user, or operator by one entitled to direct benefits from the insurer for injuries incurred in an automobile accident" are brought under the Act for purposes of the three-year limitations period).

■ Here, it is not disputed that plaintiff was obligated to pay and did pay benefits required under the No–Fault Act. And, plaintiff's action is specifically authorized under § 10–4–715(1)(b), C.R.S. (1994 Repl.Vol. 4A) of the No–Fault Act, *see Cingoranelli v. St. Paul Fire & Marine Insurance Co.,* 658 P.2d 863 (Colo.1983) (noting that § 10–4–715 "pre-serves" tort actions against third party tortfeasors who do not have complying insurance), and was brought because the vehicle driven by defendant was not insured as required under the No–Fault Act. *See* § 10–4–705, C.R.S. (1994 Repl.Vol. 4A).

Under these circumstances, we conclude that plaintiff's claim was intertwined with the No–Fault Act and was brought "under" it. Therefore, the three-year statute of limitations in § 13–80–101(1)(j) applies and the trial court's ruling to the contrary was error.

Given our resolution of this appeal, we deny defendant's request for attorney fees pursuant to C.A.R. 38. *See Wood Bros. Homes, Inc. v. Howard,* 862 P.2d 925 (Colo. 1993).

The judgment is reversed and the cause is remanded for further proceedings consistent with the views expressed in this opinion.

NEY and CASEBOLT, JJ., concur.