The summaries of the Colorado Court of Appeals published opinions constitute no part of the opinion of the division but have been prepared by the division for the convenience of the reader. The summaries may not be cited or relied upon as they are not the official language of the division. Any discrepancy between the language in the summary and in the opinion should be resolved in favor of the language in the opinion.

SUMMARY
November 16, 2023

## 2023COA109

**No. 22CA1791, *Perez v. By the Rockies* — Labor and Industry — Colorado Wage Claim Act — Limitation of Actions — Colorado Minimum Wage Act — Recovery of Balance of Minimum Wage; Courts and Court Procedures — General Limitation of Actions Six Years**

In this civil action, an employee appeals the district court's dismissal of his claim under the Colorado Minimum Wage Act, section 8-6-118, C.R.S. 2023, as untimely. The district court applied the statute of limitations in the Colorado Wage Claim Act, section 8-4-122, C.R.S. 2023. Applying the plain language of that statute, the majority of a division of the court of appeals concludes that section 8-4-122 does not apply to claims brought under the Minimum Wage Act. Instead, the applicable statute of limitations is section 13-80-103.5, C.R.S. 2023. Because the employee's claim

was timely under that statute, the majority reverses the judgment of the district court.

The dissent is persuaded by the reasoning applied to this question by a federal district court and concludes that section 8-4-122 does apply.

Court of Appeals No. 22CA1791
Arapahoe County District Court No. 22CV30998
Honorable Elizabeth Beebe Volz, Judge

Samuel Perez,

Plaintiff-Appellant,

v.

By the Rockies, LLC, and Duane Layton,

Defendants-Appellees.

JUDGMENT REVERSED AND CASE
REMANDED WITH DIRECTIONS

Division II
Opinion by JUDGE PAWAR
Furman, J., concurs
Fox, J., dissents

Announced November 16, 2023

Brian D. Gonzales, PLLC, Brian D. Gonzales, Fort Collins, Colorado; Hood Law
Office, PLLC, Alexander Hood, Denver, Colorado, for Plaintiff-Appellant

Jackson Lewis P.C., Melisa H. Panagakos, Denver, Colorado; Jackson Lewis
P.C., Veronica T. Hunter, Houston, Texas, for Defendants-Appellees

¶ 1    In this case we are asked to resolve what statute of limitations applies to a private cause of action brought under the Colorado Minimum Wage Act, section 8-6-118, C.R.S. 2023. We conclude that the applicable limitations period is six years pursuant to section 13-80-103.5, C.R.S. 2023, because that statute applies generally to debts for determinable amounts. In doing so, we reject the argument that the two-year limitations period in a different act, the Colorado Wage Claim Act, applies to Minimum Wage Act claims. We conclude that the statute of limitations in the Wage Claim Act is limited by its plain language to Wage Claim Act claims and does not apply to Minimum Wage Act claims. We therefore reverse the district court's judgment that applied the Wage Claim Act's two-year limitations period in dismissing the claim of plaintiff, Samuel Perez, against defendants, his former employer, By the Rockies, LLC, and Duane Layton (collectively, By the Rockies).

## I.  Background

¶ 2    Between 2016 and 2017, Perez worked for By the Rockies as an hourly employee at a fast-food restaurant. Five years later, in 2022, he filed a claim for relief pursuant to the Minimum Wage Act,

asserting that By the Rockies had failed to provide him and other employees required meal and rest breaks during their shifts.[1]

¶ 3       By the Rockies moved to dismiss Perez's complaint as untimely. By the Rockies acknowledged that because the Minimum Wage Act contains no limitations period, the applicable statute of limitations could default to the six-year limitations period in section 13-80-103.5. But By the Rockies nevertheless argued that the court should apply the limitations period set out in the Wage Claim Act, section 8-4-122, C.R.S. 2023 (imposing a two- or three-year limitations period depending on whether the violation was willful), based on the nature of Perez's claim. The district court agreed. Reasoning that the shorter limitations period contained in the Wage Claim Act applied, the court dismissed Perez's complaint as untimely.

¶ 4       Perez appeals.

---

[1] Perez argued that By the Rockies had violated both the Wage Claim Act and the Minimum Wage Act, but he asserted a claim for relief under the Minimum Wage Act alone.

## II. Standard of Review and Applicable Law

¶ 5    We review de novo questions of statutory interpretation and a district court's dismissal of an action based on a statute of limitations defense. *Gomez v. Walker*, 2023 COA 79, ¶ 7.

¶ 6    When interpreting a statute, our aim is to give effect to the legislature's intent. *Id.* at ¶ 8. We start with the plain language of the statute. *Id.* If that language is unambiguous and susceptible to only one reasonable interpretation, we stop there. *Miller v. Hancock*, 2017 COA 141, ¶ 24.

¶ 7    To determine whether a statute is ambiguous, we consider the statute as a whole, giving consistent, harmonious, and sensible effect to all its parts. *Gomez*, ¶ 8. We also ignore illogical or absurd results. *Id.* Only if the statute is ambiguous do we resort to additional tools of statutory interpretation, such as examining the legislative purpose or history of a statute. § 2-4-203(1)(c), (g), C.R.S. 2023.

## III. The Applicable Limitations Period is Six Years

### A. The Statutes' Plain Language is Unambiguous and Controls

¶ 8    Section 13-80-103.5(1)(a) sets out a six-year limitations period for claims "to recover a liquidated debt or an unliquidated,

determinable amount of money." The parties do not dispute, nor do we, that Perez's Minimum Wage Act claim fits this description. And because the Minimum Wage Act contains no limitations provision specific to Minimum Wage Act claims, it would seem clear that the six-year limitations period in section 13-80-103.5(1)(a) applies.

¶ 9 Despite this apparent clarity, By the Rockies urges us to apply the Wage Claim Act's limitations provision to Perez's Minimum Wage Act claim. We conclude that doing so would be contrary to the plain and unambiguous language of the Wage Claim Act's limitations provision.

¶ 10 The Wage Claim Act is codified at article 4 of title 8 in the Colorado Revised Statutes. And its limitations provision states that "[a]ll actions brought pursuant to this article" shall be commenced within either two or three years of accrual, depending on whether the claim is willful. § 8-4-122. Thus, this limitations provision applies only to article 4 claims ("actions brough pursuant to this article"). Perez brought his claim under article 6 of title 8, not article 4. Because the Wage Claim Act's limitations provision applies only to article 4 claims, it plainly and unambiguously does not apply to Perez's claim here.

¶ 11    In the face of this plain and unambiguous language, By the Rockies argues that the Wage Claim Act's limitations provision must nevertheless extend beyond article 4 claims and include article 6 claims because both types of claims are private rights of action to recover unpaid wages. We recognize that when resolving competing statutes of limitation, courts consider the nature of the right asserted and "not necessarily the particular form of action or the precise character of the relief requested." *Hersh Cos. v. Highline Vill. Assocs.*, 30 P.3d 221, 223-24 (Colo. 2001) (quoting *Persichini v. Brad Ragan, Inc.*, 735 P.2d 168, 172 (Colo. 1987)). But there are no competing statutes of limitation here. The legislature chose to limit the Wage Claim Act's limitations period to article 4 claims. The legislature could have written a limitations period into the Minimum Wage Act; or it could have included a provision in the Minimum Wage Act explaining that the Wage Claim Act's limitations period applies to article 6 claims. The legislature did neither.[2] This

---

[2] Notably, a bill to include a similar limitations period in the Minimum Wage Act itself was introduced in the legislature but was indefinitely postponed. *See* H.B. 23-1035, 74th Gen. Assemb., 1st Reg. Sess. (Colo. 2023).

clearly manifests the legislature's intent that the general six-year limitations provision applies to article 6 claims.

¶ 12    Moreover, our interpretation is consistent with the statutory scheme because that scheme already applies different limitations periods to different types of claims for unpaid wages. As explained above, the limitations period for article 4 claims (under the Wage Claim Act) is either two or three years, depending on the willfulness of the employer. In contrast, the limitations period for article 5 claims to recover unpaid wages due to wage discrimination is always two years, regardless of willfulness. § 8-5-103(2), C.R.S. 2023. Thus, the scheme already contemplates different limitations periods for claims seeking unpaid wages depending on the nature of the wage violation and which article the claim is brought under.

¶ 13    The parties rightly point out that decisions of Colorado's federal district court have come to disparate conclusions on this issue. In *Sobolewski v. Boselli & Sons, LLC*, 342 F. Supp. 3d 1178 (D. Colo. 2018), the court found that the general six-year limitations period applies to Minimum Wage Act claims. On the other hand, in *Balle-Tun v. Zeng & Wong, Inc.*, Civ. A. No. 21-cv-03106, 2022 WL 1521767 (D. Colo. May 13, 2022) (unpublished order), the court

6

extended the reach of the Wage Claim Act's limitations provision to Minimum Wage Act claims. Indeed, the district court here relied on *Balle-Tun* in finding that the Wage Claim Act's limitations period applied.

¶ 14 Although we may consider these cases as persuasive authority, we are not bound by them when interpreting state statutes. *See Gomez v. JP Trucking, Inc.*, 2022 CO 21, ¶ 32 (while federal precedent is persuasive in construing similar language in state statutes, "we should first look to the plain language of the controlling statutes under our law" (quoting *Rosenthal v. Dean Witter Reynolds, Inc.*, 908 P.2d 1095, 1100 (Colo. 1995))). And whatever persuasive force they have, that force pales in comparison to the clear and unambiguous language the legislature chose.

¶ 15 We therefore conclude that based on the plain and unambiguous language in the relevant statutes, a six-year limitations period applies to Perez's Minimum Wage Act claim.[3]

---

[3] At oral arguments and for the first time, By the Rockies asserted that the two-year limitations period in section 13-80-102(1)(i), C.R.S. 2023, applies to Perez's claim. We disagree. That statute applies only when "no other period of limitation is provided." § 13-80-102(1)(i). But section 13-80-103.5, C.R.S. 2023, provides a

## B. By the Rockies' Additional Arguments

¶ 16    By the Rockies argues against our interpretation by relying on the legislative purposes of the Wage Claim and Minimum Wage Acts and appeals to common sense.  Because we conclude the relevant statutory provisions are unambiguous, we need not address these arguments.  *See* § 2-4-203(1)(e), (g) (only if a statute is ambiguous may courts consider "[t]he legislative declaration or purpose" or "[t]he consequences of a particular construction").  Nevertheless, we explain why we disagree with them.

¶ 17    First, the acts do not serve the same purpose.  The Wage Claim Act ensures timely payment of wages and defines methods of payment of wages.  *See generally* §§ 8-4-102 to -109, C.R.S. 2023.  By contrast, the legislative declaration of the Minimum Wage Act says the act aims to preserve the "welfare of the state of Colorado" by protecting workers "from conditions of labor that have a pernicious effect on their health and morals."  § 8-6-101(1), C.R.S. 2023.  To that end, the Minimum Wage Act makes it unlawful to "employ workers . . . for wages which are inadequate" to meet the

statute of limitations for Perez's claim.  Therefore, section 13-80-102(1)(i) does not apply.

necessary cost of living or to employ workers "under conditions of labor detrimental to their health." § 8-6-104, C.R.S. 2023. Because the purposes of and investigatory powers authorized by the acts are different, the imposition of different limitations periods for violations of each does not offend either act's legislative purpose.

¶ 18 Second, we are not persuaded by the argument that the limitations period for Minimum Wage Act claims should be three years or less because the Minimum Wage Orders promulgated by the Colorado Department of Labor and Employment require employers to maintain employment records for only three years. Regulations cannot modify statutes, especially statutes whose language is plain and unambiguous. *See McCool v. Sears*, 186 P.3d 147, 151 (Colo. App. 2008).

¶ 19 Third, we do not share By the Rockies' concern that our interpretation will permit statute shopping based on the applicable statute of limitations. As explained above, the underlying purposes of the acts are different. And claims brought under each act seek to remedy a different wage-related violation. Moreover, it is not unusual for a single liability-creating act to give rise to multiple civil claims with different statutes of limitation.

¶ 20    Therefore, even if we had not concluded that the relevant statutory language was plain and unambiguous, we would not have been persuaded by By the Rockies' reliance on these extrinsic tools of statutory interpretation.

## IV.  Disposition

¶ 21    The judgment is reversed, and the case is remanded for further proceedings consistent with this opinion.

JUDGE FURMAN concurs.

JUDGE FOX dissents.

JUDGE FOX, dissenting.

¶ 22 Because the operative statute does not specify how long an employee has to bring a private claim under Colorado's Minimum Wage Act, § 8-6-119, C.R.S. 2023, we are tasked with deciding which of two limitation periods applies here. Perez advocates for a six-year limitations period, § 13-80-103.5(1)(a), C.R.S. 2023, and By the Rockies says we should apply the Colorado Wage Claim Act's two-year limitations period, § 8-4-122, C.R.S. 2023 (usually two years, but three if wages were wrongfully withheld). The parties do not dispute that five years have elapsed since Perez's employment with By the Rockies ended.

¶ 23 The majority is correct that we are not bound by the United States District Court for the District of Colorado's decisions, but we are not precluded from adopting or borrowing from other courts' well-reasoned analysis. Like the district court, I find the federal court's reasoning in *Balle-Tun v. Zeng & Wong, Inc.*, Civ. A. No. 21-cv-03106, 2022 WL 1521767 (D. Colo. May 13, 2022) (unpublished order) (applying Colorado state law), highly persuasive.

¶ 24 The majority sets out the statutory framework, so I will not repeat it and will focus instead on where our positions diverge. In

11

Colorado, when two limitation periods could apply, we must consider that (1) a later-enacted statute should be applied over an earlier-enacted statute; (2) the more specific of two applicable statutes should be applied; and (3) the longer of the two limitations periods should be applied. *Id.* at *3 (citing *Reg'l Transp. Dist. v. Voss*, 890 P.2d 663, 668 (Colo. 1995)); § 2-4-205, C.R.S. 2023 (special prevails over general); § 2-4-206, C.R.S. 2023 (latest effective date prevails); *see also Jenkins v. Haymore*, 208 P.3d 265, 268 (Colo. App. 2007), *aff'd on other grounds*, 208 P.3d 238 (Colo. 2009); *Hersh Cos. v. Highline Vill. Assocs.*, 30 P.3d 221, 223 (Colo. 2001) (the general statute or provision must yield to the specific statute or provision).

¶ 25    The enactment dates are not particularly telling here. The six-year limitations period in section 13-80-103.5 was re-enacted in 1986, and the two- (or three-) year limitations period in section 8-4-122's predecessor statute was added in 1986; and both pre-date section 8-6-118's 2014 enactment. Ch. 114, sec. 1, § 13-80-103.5, 1986 Colo. Sess. Laws 697; Ch. 65, sec. 10, § 8-4-126, 1986 Colo.

Sess. Laws 507;[1] *see* Ch. 276, sec. 8, § 8-6-118, 2014 Colo. Sess. Laws 1120.

¶ 26　　Regarding *Voss*' second directive, it is fair to say that title 8 — a statutory compilation concerning "Labor and Industry" — is more specific to an employer-employee dispute than title 13, a compilation concerning "Courts and Court Procedure" (although article 80 of that title concerns limitations).  Applying *Voss*, 890 P.2d at 668, leads me to conclude that, because articles 4 and 6 are part of title 8, it is more appropriate to apply the limitations period in section 8-4-122 to claims brought under article 6 than to apply a limitations period from a different title.  *People in Interest of J.D.*, 2020 CO 48, ¶ 9 (a statutory provision that is part of a "comprehensive whole must be understood, when possible, in pari materia — harmonious with the entire scheme"); *see generally* 2B Norman J. Singer, *Sutherland Statutory Construction* § 51:2, at 188 (6th ed. 2000) ("Provisions in one act which are omitted in another

---

[1] The current version of section 13-80-103.5 became effective July 1, 1986, but the earlier version of the statute, § 13-80-110, C.R.S. 1985, also had a six-year limitations period.

on the same subject matter will be applied when the purposes of the two acts are consistent.").

¶ 27    In addition to the guidance *Voss* provides, applying the limitations period in title 8 to this employment issue makes sense for the following reasons:

- Claims to recover regular wages must be brought within two (or three) years of when the wages became due and payable. *Hernandez v. Ray Domenico Farms, Inc.*, 2018 CO 15, ¶¶ 16-17 (addressing a claim for wages under the Colorado Wage Claim Act and other statutes). Presumably any claimed unpaid or underpaid wages were due and payable while Perez remained a By the Rockies employee.

- In repealing and re-enacting earlier Colorado wage laws, the legislature sought to bring our wage laws into compliance with the Federal Fair Labor Act, which applies a two- or three-year limitations period. *See* Hearings on H.B. 86-1231 before the H. Bus. Affs. & Lab. Comm., 55th Gen. Assemb., 2d Reg. Sess. (Feb. 11, 1986); 29 U.S.C. § 255(a) (imposing a two-year

14

limitations period, unless there was a willful violation);

*Lagae v. Lackner*, 996 P.2d 1281, 1284 (Colo. 2000) (the

General Assembly's intent and purpose must prevail over

a literalist interpretation that leads to an absurd result);[2]

*see also* 29 C.F.R. § 1602.14 (2022) (records of an

employment action must be kept for one year, but if a

charge of discrimination has been filed, the employer

must keep all records relevant to the charge until final

disposition); 29 C.F.R. § 1627.3 (2022) (Age

Discrimination in Employment Act requires employers to

keep certain records for three years).

- By regulation, violations of the Colorado Minimum Wage

  Order (MWO) — or its more recent replacement, the

  Colorado Overtime and Minimum Pay Standards Order

  (COMPS Order) — must be registered within two years (or

  three, if it is alleged that the violation was willful). MWO

  No. 35, Rule 15, 7 Code Colo. Regs. 1103-1 (effective Jan.

---

[2] And further, the General Assembly, by statute, has told us that "[i]n enacting a statute, it is presumed that . . . [a] just and reasonable result is intended." § 2-4-201(1)(c), C.R.S. 2023; *see also* § 2-4-203, C.R.S. 2023.

15

1, 2019-Dec. 31, 2019), https://perma.cc/GA3G-4ZUP; COMPS Order No. 38, Rule 8.2, 7 Code Colo. Regs. 1103-1 (effective Jan. 1, 2022); *see also Larimer Cnty. Bd. of Equalization v. 1303 Frontage Holdings LLC*, 2023 CO 28, ¶ 30 (we may defer to an agency's administrative regulations if they do not contravene the operative statute); *Pilmenstein v. Devereux Cleo Wallace*, 2021 COA 59, ¶ 25 (recognizing that MWOs are regulations that extend to wage and compensation issues beyond payment of the minimum wage and implement several statutes, including the Colorado Wage Claim Act and the Colorado Minimum Wage Act).

- Colorado employers must keep payroll records for three years. *See* MWO No. 35, Rule 12, 7 Code Colo. Regs. 1103-1 (effective Jan. 1, 2019-Dec. 31, 2019) (requiring records be kept for three years after the wage or compensation was due); *1303 Frontage Holdings LLC*, ¶ 30.

- One claiming a refund or a credit may amend a federal tax return within three years after the date of the original

filing, or two years after the date taxes were paid, whichever is later. *See* Internal Revenue Serv., Dep't of Treasury, Pub. No. 17, *Your Federal Income Tax: For Individuals* 122 (2022), https://perma.cc/UX3P-SZ29. It would be illogical for the legislature to not want the employer, or the employee, to timely amend a tax return to pay the appropriate tax. *Gomez v. Walker*, 2023 COA 79, ¶ 8 (cautioning that we must avoid "illogical or absurd" results in construing a statute).

¶ 28    For all these reasons — and those persuasively articulated in *Balle-Tun*, 2022 WL 15217670, at *3 — I would affirm the district court's order. I respectfully dissent.